# IN RE ASSESSMENT OF TAXES, HAWAIIAN COMMERCIAL AND SUGAR COMPANY, LIMITED.

MOTION FOR REHEARING.

SUBMITTED MARCH 30, 1903.            DECIDED MAY 20, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

The provision of the income tax law that "no deduction shall be made for any amount paid out for new buildings, permanent improvements or betterments made to increase the value of any property or estate," does not imply that deduction may be made for all amounts so paid out which do not in fact increase the value of the property.

The loss of an old mill, in good condition, by voluntary abandonment because of the erection of a larger mill in a different location on account of the enlargement of the plantation, is not an "expense" within the meaning of the income tax law.

A rehearing is denied.

## OPINION OF THE COURT BY FREAR, C.J.

This is a motion for a rehearing in the case decided February 19, 1903, (*ante*, 601). The question was whether, in computing the income of the corporation for the purposes of the income tax, the value of an old mill and railroad should be deducted, they having been replaced by a new mill and road.

The several grounds chiefly relied on now are closely related, and are to the effect that although the appellant relied in its return and before the tax appeal court on the provision of the statute which allows a deduction for "losses otherwise actually incurred," it is not thereby precluded on this appeal from relying on certain other provisions of the statute, which it is now contended were presented by counsel but overlooked by the court in its former decision.

One of the other provisions is that "no deduction shall be made for any amount paid out for new buildings, permanent improvements or betterments made to increase the value of any property or estate." The argument seems to be that, as the amount paid for the new mill actually increased the value of the plantation only to the extent that that amount exceeded the value of the old mill, the amount paid for the new mill up to the value of the old mill should not be considered as paid out for permanent improvements to increase the value of the plantation, and therefore should be deducted. There are assumptions of fact in the argument that are at least questionable, but, overlooking these, it may be said that it does not follow that, because no deduction can be made for expenditures for new buildings, &c., made to increase the value, &c., deductions can be made for expenditures for new buildings that do not increase the value, &c. It is immaterial, for the purposes of the income tax, how much is expended for new buildings, &c., or how much or little the value of the estate is increased thereby. The question is, what is the net income. This is found by deducting the expenses from the gross income. What is expended for permanent improvements is not expense. The tax is levied upon the income, not upon the increase in value of the estate. The value of the estate is constantly changing, owing to many causes, and in so far as it is affected by capital expenditure, it may be increased to the full amount of such expenditure, or to more or less than that amount. Not only would it be impracticable to determine the amount of income by the amount of increase in the value of the estate, but the statute does not permit that, nor would it be practicable or reasonable to deduct what has been expended without the expected result of a corresponding increase in value, nor was there evidence introduced in this case that would justify an attempt at such an estimate. The provision is that no deduction can be made for expenditures made to increase, that is, for the purpose, not with the result of increasing the value, and, moreover, it does not, conversely, allow deductions for all expenditures made not to increase the value or made unsuccessfully to increase the value of the estate. The real question is, whether the expenditure for

the new mill, up to the value of the old, may be considered as an expense as distinguished from capital expenditure. This brings us to the other provision of the statute now relied on.

"In computing income, the necessary expenses actually incurred in carrying on any business," &c., "shall be deducted." This provision of the statute might apply if the old mill had given out so that it was practically necessary to erect a new mill on that account. The amount expended in the new mill up to the extent not merely of the value of the old mill, but of the amount that would be required to put the old mill in good repair or to replace it, might perhaps be deducted as an expense. But such was not the case here. As shown by the appellant's own witnesses, the old mill was in good condition, and was voluntarily abandoned, and the new mill was erected solely in order to have a larger mill and in a different location on account of the enlargement of the plantation.

It may be that these points were not treated as explicitly as they should have been in the former opinion, but they were necessarily considered by the court, and the reasoning of the opinion would seem to dispose of them. However, especially in view of the extended argument of counsel, we have thought it proper to express our views upon these points more in detail.

The motion for a rehearing is denied.

*Smith & Lewis* and *L. J. Warren* for the taxpayer.

*Robertson & Wilder* for the assessor.