*In re* ASSESSMENT OF TAXES, FIRST AMERICAN
SAVINGS & TRUST COMPANY OF HAWAII.

*In re* ASSESSMENT OF TAXES, FIRST NATIONAL
BANK OF HAWAII.

*In re* ASSESSMENT OF TAXES, C. BREWER & COM-
PANY, LIMITED.

*In re* ASSESSMENT OF TAXES, E. O. HALL & SON,
LIMITED.

*In re* ASSESSMENT OF TAXES, WESTERN & HAWAII-
AN INVESTMENT COMPANY, LIMITED.

*In re* ASSESSMENT OF TAXES, CASTLE & COOKE,
LIMITED.

APPEALS FROM TAX APPEAL COURT, FIRST TAXATION DIVISION.

SUBMITTED MARCH 9, 1904.          DECIDED MARCH 23, 1904.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Under the provision in the income tax law of 1901 allowing deductions
of "all losses actually sustained during the year incurred in trade
or arising from losses by fire not covered by insurance, or losses
otherwise actually incurred," losses of capital used in business may
be deducted, if they occur during the tax year, as, for example,
bank loans lost during the year though made prior thereto, notes
given in payment for merchandise but which become valueless dur-
ing the year, etc.

OPINION OF THE COURT BY FREAR, C.J.

These are appeals under the income tax law.

The assessor appeals in all these cases from decisions of the

Tax Appeal Court allowing certain deductions—mostly of bad debts. He contends that only losses of income as distinguished from losses of capital may be deducted and only such losses as have occurred during the year in question, and that in these cases the losses were in general losses of capital and occurred before the year. The statute is somewhat involved and not altogether clear. It is somewhat arbitrary in its provisions. Statutes in England, Canada and the United States have differed considerably from our statute, and the decisions under them have been comparatively few and more or less contradictory. It would be difficult and unsafe to attempt to lay down general propositions applicable to all cases or to state what may or may not be deducted under varying circumstances. In general it may be said that, in our opinion, losses of capital, at least working capital used in a business, as distinguished from ordinary investments, may be deducted under certain circumstances, but that only such losses may be deducted as have occurred within the year in question. The latter proposition seems to be clear. The other proposition is not as clear as it might be, but it receives more or less support in decisions elsewhere under statutes that do not go as far as ours in this direction. Our statute is extremely broad as compared with most other statutes, even including the Federal statute of 1894, which ours most resembles, but which was held unconstitutional, with the result that we have not the benefit of decisions construing it. Ours allows deductions, among other things, of "all losses actually sustained during the year incurred in trade or arising from losses by fire not covered by insurance, or losses otherwise actually incurred." Laws of 1901, Act 20, Sec. 4. That losses of capital may be deducted under certain circumstances seems to be assumed in *Haw. Com. & Sug. Co. v. Assessor*, 14 Haw. 601. See also the decision on the motion for rehearing, 14 Haw. 687; also *Little Miami & Colum. & Zenia R. Co. v. U. S.*, 108 U. S. 277; *U. S. v. Mayer*, Deady 127; *Lawless v. Sullivan*, L. R. 6 App. Cas. 373; *Reid's Brewery Co. v. Male*, (1891), 2 A. C. 1. As to whether particular losses have occurred in a particular year or in some other year it is sometimes

difficult to say. More or less latitude should be allowed as to when debts, for instance, have become worthless. Probably a worthless debt could not be held to be written off in whole or in part in subsequent years for the purpose of evading the income tax law.

In the cases of the First American Savings & Trust Co. and the First National Bank the losses were of $13,981.47 and $19,275.00 respectively on a note of M. W. McChesney & Sons. This was a demand note given in 1900. It was for $50000, divided into $20000 and $30000 between the two appellants in respect of ownership. The loan was made by them in the usual course of banking business. Interest was paid up to January 31, 1902. In July, 1902, default was made in the payment of interest. The balance of the note, after crediting the amount realized on the collateral securities, which it seems the holders of the notes bid in and which, according to the testimony, were absolutely worthless, was written off as a total loss—all except $5000 which was retained on the books to be written off the following year because the appellants did not wish to write off all in one year. The testimony is that the whole of the debt is bad —apparently because of the failure of the Kona Sugar Co., certain bonds and stock in which were the principal securities to the note, and of M. W. McChesney & Sons, the agent of the sugar company and makers of the note. Such losses as these, not of capital permanently invested, but of loans made in the usual course of banking business, would seem to be deductible, provided they occurred during the year in question, July 1, 1902,-June 30, 1903, even under narrower statutes than ours. See *Lawless v. Sullivan* and *Reid's Brewery Co. v. Male, supra*. In our opinion, they are deductible under our statute. They must, we think, be taken to have become losses during the year in question. There was no default in the payment of interest until a month after that year began. The testimony seems to indicate that the balance of the note was considered a total loss during that year and that must be taken to have been the finding of the Tax Appeal Court. There is no evidence that it was a

loss before that year began, although the amount that might be realized on it was uncertain.

The principal item in the case of C. Brewer & Co., Ltd., is similar to the items already considered. It was a note of the Kona Sugar Co., indorsed by M. W. McChesney & Sons, given in the course of business for railway material sold. It was dated February 5, 1901, when M. W. McChesney & Sons' credit was good. It was for $4800.48, the balance unpaid, now in question, being $3843.88. The Kona Sugar Co. failed and its property was sold at a receiver's sale in the early part of 1903 for not sufficient to pay its secured creditors. M. W. McChesney & Sons also failed in consequence. There was some stock, as collateral to the note, in the Hawaiian Navigation Co., Ltd., which failed before the Kona Sugar Co. The debt was then written off. The testimony shows that it was regarded as absolutely worthless then, but that up to the time or not long before there was some chance that the embarrassed companies might pull through. In our opinion, the decision of the Tax Appeal Court allowing the deduction should be affirmed.

Another item in the C. Brewer & Co. case was $43.40 paid by the company as agent for the American Sugar Co. and correspondents of A. B. McClellan of Boston for stamps on a new issue of stock issued to him by the American Sugar Co. in 1901. Shortly after the American Sugar Co. failed and Mr. McClellan died, and in April, 1903, the debt was written off as worthless. While, as already stated, some discretion must be allowed business men in determining when a debt becomes bad and should be written off, it seems that in this instance no attempt was made to collect the amount and it was apparently as clearly worthless before July 1, 1902, as after that. If, as contended, it would have cost as much as, perhaps more than, the amount of the debt to collect it under the circumstances, that would probably be sufficient to justify not attempting to collect as a matter of good business sense and within the income tax law, but that would not justify holding it indefinitely and writing it

off at any time arbitrarily. It may be that there was good reason for holding it in this instance, but that does not appear.

In the case of E. O. Hall & Son, Ltd., the item is $10320.60, representing stock in the Kona Sugar Co., which was written off as bad when that company failed. The stock was taken several years before in payment of goods sold and delivered in the regular course of business. It was considered as of some value, and with some prospect of the company's surviving its financial difficulties during the early part of the year in question and was kept on the books for that reason. Its deduction was properly allowed.

In the case of the Western & Hawaiian Investment Co., Ltd., the item is $663.50, the deficiency on a note after foreclosing a mortgage. The note was given several years before but was considered collectible in July, 1902. The maker of the note had other property but apparently it was mortgaged to such an extent that it was not worth while to attempt to collect the balance of the note. The deduction was, in our opinion, properly allowed.

In the case of Castle & Cooke, Ltd., the item is $26,233.19. This company had advanced cash, and sold machinery, supplies, etc., to the Hawaiian Automobile Co., Ltd., beginning in 1899. A note secured by mortgage was taken for the total amount, $83721.80. During the year July 1, 1901,-June 30, 1902, $30000 of this was written off as bad. The note and mortgage were considered good for the balance in July, 1902, but after foreclosure later in that year there remained a balance of $26233.19. The deduction of this was properly allowed. Whether the deduction of $30000 made the year before in the income tax return was proper, we need not say.

The decisions of the Tax Appeal Court are sustained except as to the item of $43.40 in the case of C. Brewer & Co., Ltd., as to which the decision of that court is reversed.

*W. A. Whiting* and *C. F. Clemons* for the taxpayers in the first three cases.

*Castle & Withington* for the taxpayers in the last three cases.