WILSON v. SPENCER.

(Circuit Court of Appeals, Fifth Circuit. November 25, 1919.)

No. 3351.

1. COURTS ☞372(7)—DECISIONS OF STATE COURT ON COMMERCIAL LAW NOT BINDING ON FEDERAL COURT.

On a question of general commercial law as to the validity of a note given for the purchase price of corporate stock, which it was contended was void under constitutional provisions forbidding corporations from issuing stock, except for money paid, etc., the federal courts are not bound to follow the decisions of the highest state court.

2. BILLS AND NOTES ☞375—CORPORATIONS ☞99(1)—VALIDITY OF NOTE GIVEN FOR PURCHASE PRICE OF CORPORATE STOCK.

A note given in Texas for the purchase price of stock of a corporation to be organized in Colorado is not utterly void under the provisions of Const. Tex. art. 12, § 6, and the similar provision of Const. Colo. art. 15, § 9, that no corporation shall issue stock or bonds, except for money paid, labor done, or property actually received, but is enforceable in the hands of a bona fide holder.

3. APPEAL AND ERROR ☞1177(6)—NECESSITY OF NEW TRIAL ON REMAND.

Where the District Court, in an action involving a note which defendant claimed was void, erroneously held the note to be void, and did not decide the question of bona fides of plaintiff's possession, the cause will be remanded on appeal.

Appeal from the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge.

Suit by Valdo F. Wilson against J. E. Spencer. From a decree for defendant, complainant appeals. Reversed and remanded.

R. C. Chambers, of Abilene, Tex., and Theodore Mack and A. H. Kirby, both of Ft. Worth, Tex., for appellant.

J. M. Wagstaff, of Abilene, Tex., for appellee.

Before WALKER, Circuit Judge, and FOSTER and GRUBB, District Judges.

FOSTER, District Judge. In this case the material facts are these: Appellee purchased $10,000 worth of the stock of the Antero Valley Land Company, a corporation to be organized under the laws of Colorado, and gave his note for $5,000 in connection with the purchase. The note passed through several hands, and came into possession of appellant, who claims to be a holder in good faith, before maturity, for value, without notice.

The note was made and delivered in Texas. The Constitution of Texas contains the following provision:

"No corporation shall issue stock or bonds except for money paid, labor done or property actually received, and all fictitious increase of stock or indebtedness shall be void." Article 12, § 5.

The Constitution of Colorado has a similar provision. Article 15, § 9.

Appellee set up fraudulent representations in the sale of the stock to him, and also that the note was void under the above provision of the Constitution of Texas.

[1] The question presented is one of general commercial law, in deciding which the federal courts are not bound to follow the decisions of the highest state courts. Watson v. Tarpley, 18 How. 517, 15 L. Ed. 509; Murray v. Lardner, 2 Wall, 110, 17 L. Ed. 857. But a discussion of that feature is unnecessary, as will presently be seen.

[2] At the time the case was tried in the District Court there were various conflicting decisions of the Courts of Civil Appeal of Texas on the question. In deciding the case the District Court held the note to be void under the law of Texas, resting its decision on the case of Republic Trust Company v. Taylor (Tex. Civ. App.) 184 S. W. 773. Shortly before the decree was entered, the Supreme Court of Texas had decided to the contrary in the case of Washer v. Smyer, 211 S. W. 987; but the case was not then reported, was not known to counsel, and was not brought to the court's attention. As this decision conforms to the federal jurisprudence (see Watson v. Tarpley and Murray v. Lardner, supra), and would be controlling in the view of the case taken by the District Court, it is clear the decree appealed from must be reversed.

[3] As the District Court did not consider or decide the question of the bona fides of appellant's possession of the note, the case will be remanded for further proceedings.

Reversed and remanded.