LAWRENCE L. LAUPHEIMER, RESPONDENT, v. NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, APPELLANT.

Kansas City Court of Appeals. February 17, 1930.

*Barnett & Hayes* for respondent.

*Montgomery & Rucker* for appellant.

ARNOLD, J.—This action involves the liability of defendant on a total disability clause contained in two life insurance policies issued by defendant on the life of plaintiff, and is a companion to the case of Laupheimer v. Massachusetts Mutual Life Insurance Company (No. 16739), decided by this court at this term and not yet reported, in which the same questions arose, with the exception that

in the case at bar there is a question of whether or not any proof was submitted within the terms of the policies of plaintiff's total disability.

The petition herein is in two counts, each based upon a separate policy containing the same stipulations. The facts shown are that defendant is a corporation organized and existing under the laws of the State of Wisconsin, and authorized to transact business in the State of Missouri. Plaintiff is a resident of the city of Sedalia, Missouri.

On September 11, 1923, for and in consideration of the payment of a yearly premium of $175.45, defendant issued its policies of life insurance for the principal sum of $5000 each, in case of death of the insured. The policies were standard in form and, in addition there was attached to each policy an agreement, as follows:

"For waiver of premiums in event of total and permanent disability before attaining 60 years of age.

"1. In consideration of the payment of an extra premium of two and 95/100 dollars (first payment hereby acknowledged), with each annual premium required under said policy, it is agreed that if, during the continuance of this agreement, the company shall be furnished with satisfactory proof that prior to his 60th birthday anniversary the insured has become disabled in body or mind to such an extent as to make it continuously impossible for him to engage in any gainful occupation and that such impairment is presumably parmanent, the company on receipt of such proof will by suitable endorsement of this agreement waive the payment of the premiums falling due under the policy and this agreement after receipt of such proof and during the continuance of such disability, except as hereinafter provided:

. . . . . . .

"3. Notwithstanding the acceptance of proof of disability the insured, or someone in his behalf, shall annually in the anniversary of the date of the policy, or within 31 days thereafter, file with the company a declaration of the continuance, of such disability of the insured and shall upon request, but not oftener than once a year, furnish satisfactory proof thereof. If the insured, or person acting in his behalf, at any time after such waiver shall, upon such request mailed by the company to his or their last known address, fail to furnish such proof of the continuance of such disability, or if it shall appear to the company that insured has so far recovered as to be able to engage in any gainful occupation, then and in either such event, said waiver shall upon written notice be deemed to have failed and any premium or premiums then or thereafter falling due under the policy and this agreement shall be payable the same as if no waiver of premiums had been made.

"4. Such premiums as fall due after the receipt by the company of satisfactory proof of disability and prior to acceptance thereof shall be payable by insured but upon acceptance of such proof the same shall be refunded by company."

There are other clauses in the agreement, none of which is involved in this appeal and need not be set out. The petition in each count alleges that on February 15, 1927, plaintiff suffered a nervous breakdown, and from said date he became disabled in body and mind to such an extent as to make it continuously impossible for him to engage in any gainful occupation, and that such impairment was presumably permanent within the terms of the policies; that said disability continued up to and including the 15th day of November, 1928, while said contract was in force and effect, and before plaintiff attained the age of 60 years; that plaintiff performed all the requirements and conditions of the policies on his part and furnished notice of disability to defendant, and that defendant waived proof thereof; that under the provisions of said waiver of premium agreement, he was entitled to have said premiums waived during the period of said disability; that the premiums were due under said policies on the 11th day of September, 1927 and 1928; that on said dates plaintiff paid the stipulated premiums amounting to the total sum of $701.80, on the two policies.

The first amended answer to each count of the petition admits defendant's corporate status; the issuance of the two policies and the execution of the waiver of premiums agreement, as alleged. As affirmative defense the answer denies plaintiff suffered a nervous breakdown causing him to become disabled in body and mind to the extent alleged in the petition; denies plaintiff furnished defendant proof of permanent disability; denies that under the terms of the policy defendant was not entitled to receive the premiums due and payable during the period in issue. The answers to each count are identical.

The reply is a general denial and as further reply it is alleged the nervous breakdown plaintiff suffered on February 15, 1927 was the result of a diseased mental condition and a form of insanity; that as soon as his mental condition permitted, he notified defendant that he had been and was suffering from the disability covered by the policy; that said notice was given defendant before plaintiff's sixtieth birthday, and while the disability agreement was in effect, on September 8, 1928, and thereafter, on the 12th day of September, 1928, defendant, by letter notified plaintiff that his disability was of a temporary nature and did not come within the provisions of the disability clause, and denied liability; that on October 16, 1928, plaintiff again notified defendant of the said disability, and that defendant again denied liability, on the ground that his disability

was not such as was covered by the disability clause, but was temporary; that plaintiff corrected the errors in dates in notices sent to defendant, and that defendant by reason of its acts and conduct waived the furnishing of proofs by plaintiff, or of further proof, of his disability.

As above stated judgment was sought in the sum of $701.80, the amount of premiums paid on the two policies during the period from February 15, 1927 to November 15, 1928. By agreement of parties, the cause was tried to the court sitting as a jury and resulted in a verdict for plaintiff in the sum of $350.90 on each of the two counts. A motion for a new trial was overruled and defendant has appealed.

There are three assignments of error, to-wit, (1) the court erred in refusing defendant's declaration of law in the nature of a demurrer at the close of plaintiff's case; (2) in refusing a similar declaration of law at the close of all the evidence, and (3) in misconceiving the law applicable to the facts, as disclosed by the declaration of law given on behalf of plaintiff. This last charge is directed to the following declaration of law:

''The court declares the law to be that if defendant issued to the plaintiff its insurance policies . . . and if said policies were in force at the dates hereinafter mentioned . . . and if plaintiff before attaining the age of sixty years, if such be a fact, on or about the 15th day of February, 1927, suffered a nervous breakdown, if such be a fact, and as a result thereof was thereafter disabled from performing the substantial acts or duties of any gainful occupation, if such be a fact, and that such disability, if any, existed continuously and was presumably permanent, if such be a fact, and if the plaintiff furnished notice of disability, if any, to the defendant on September 8, 1928, if such be a fact, and if the defendant denied liability to the plaintiff on September 12th and October 20, 1928, on the ground that the policy did not cover his disability, if any, if such facts are true, and if the plaintiff paid the premiums due on said policies, if such be a fact, during the period of his disability, if any, then the plaintiff is entitled to recover against the defendant on both counts, even if the plaintiff at various intervals went to his place of business for the purpose of transacting business and attempted to transact some business, if the matters so attended to by the plaintiff were nominal and trivial in character, if such be a fact, and even though the plaintiff did recover from such disability, if any.''

The proof in the case at bar in all material matters is essentially the same as in the case of Laupheimer v. Massachusetts Mutual Life Ins. Co., above mentioned, and we refer to that case for the facts submitted. The only difference in the questions to be determined is, that in the case at bar, plaintiff is asking only for judgment for

the premiums paid during the period of alleged total disability, while in the other case, judgment was sought for the premiums paid, together with $100 monthly disability payment during said period, as provided in the policy. Our opinion in the Mass. Mutual case (No. 16739) determines against defendant's contention all points raised in the case at bar, except as above noted, and we need only refer to that opinion.

On the question of notice of total disability, plaintiff testified he notified defendant of his total and continuing disability before the second premium was due, to-wit, on September 8, 1928, and that on September 12, 1928, defendant acknowledged receipt of the same and denied liability. The proof further showed that such notice was given before plaintiff arrived at the age of sixty years. It was held in Wick v. Ins. Co., 175 Pac. 953 (Wash.), that under a total disability clause requiring proof to be furnished before default in payment of premium and before attaining the age of 60 years, the proof is in time if furnished before there is default in payment of the premium. Of course that opinion is not controlling here, but is persuasive, the premium agreement clause being the same as here.

The trial court held herein, and we think properly, that the denial of liability by defendant on the sole ground that plaintiff's disability did not come within the provisions of the policy, because plaintiff had recovered and his disability was not permanent, constituted a waiver of alleged failure to furnish proof of disability, regardless of whether the denial of liability occurred before or after the time when proofs were due. The general rule in this respect is stated in 33 Cyc. 33, as follows:

"More specifically, where the company, within the time for presenting proofs of loss, denies liability or refuses to pay the loss, it thereby waives the necessity for proofs; and it is generally held that a denial of liability or a refusal to pay not predicated on the failure to furnish proofs is a waiver of any objection on that ground, irrespective of whether the denial precedes or follows the time within which proofs should have been furnished, although there is authority to the effect that if such a denial or refusal is first made after expiration of the time for furnishing proofs, it does not waive the delay in furnishing them."

This rule is followed in Keller v. Ins. Co., 95 Mo. App. 627, 69 S. W. 612, an opinion by the St. Louis Court of Appeals, written by BARCLAY, J. The holding therein was to the effect that an absolute denial of liability under a policy of life insurance amounts to a waiver of proofs of loss. Applying that rule to the facts shown on plaintiff's behalf in the case at bar, we must hold the trial court did not err in the respect charged.

The other points raised in this appeal are identical with those raised in the Mass. Mutual case, and which were determined therein, against defendant's contentions. We refer to the opinion in that case as controlling here. We rule the judgment herein should be affirmed, and it is so ordered. *Bland, J.*, concurs; *Trimble, P. J.*, absent.