Susie Shepard, Respondent, v. Metropolitan Life Insurance Co., Appellant.—99 S. W. (2d) 144.

Kansas City Court of Appeals.   December 7, 1936.

*I. Frank Rope* and *Frank E. Reinhardt* for respondent.

*William C. Michaels, Robert E. Coleberd* and *Kenneth E. Midgley* for appellant.

*Harry Cole Bates* and *Michaels, Blackmar, Newkirk, Eager & Swanson* of counsel.

CAMPBELL, C.—The defendant on October 1, 1925, issued to the St. Louis-San Francisco Railway Company a group policy of life insurance and on the same day issued to Lon Shepard, an employee of the railway company, a certificate which brought the employee within the terms of the group policy. The employee Shepard died April 27, 1932. His widow, plaintiff herein, and the beneficiary named in the certificate, brought this suit to recover the benefit provided in the group policy. Trial with a jury resulted in a verdict for the defendant. The plaintiff's motion for new trial was sustained upon the ground that the court erred in modifying, and in giving as modified, plaintiff's Instruction No. 1. The defendant has appealed.

The defendant insists that its instruction in the nature of a demurrer, requested at the close of the evidence, should have been given. If this insistence is sustained, then the other questions presented in the record will need no attention.

The group policy was "amended" by agreement between the defendant and the railway company on October 1, 1927. The pertinent part of the amendment is as follows:

. "The insurance on any employee insured hereunder, who shall have ceased to be in the employ of the employer, shall be discontinued as of the last day of the policy month that includes the date such employee left the employ of the employer. Lay-off or leave of absence of two (2) months or less shall not be considered, and retirement on pension shall not be considered, a termination of employment within the meaning of this policy. . . ."

The defendant on June 5, 1931, executed an instrument which the railway company accepted as a part of the group policy. The material part of said instrument reads:

"An employe laid off account temporary reduction in force may continue his complete group insurance for a period not exceeding four months, providing he pays his share of the premium monthly in advance. First of month following date of lay-off to be considered the beginning of the four months."

The facts show that Lon Shepard remained in the employ of the railway company until November 10, 1931, at which time he was laid off "by reason of a reduction of the force by the Frisco Railway Company;" that he did not thereafter do any work for the railway company; that he paid premiums on the group policy for the months of December, 1931, and January and February, 1932, tendered the March premium and that the tender was refused; that thereafter in the same months he tendered two premiums covering the months of March and April, 1932. This tender was refused.

The defendant on May 25, 1932, in reply to a letter written by one of plaintiff's counsel, said:

"Since receiving the copy of the letter that you directed to the St. Louis-San Francisco Railway Company, St. Louis, Missouri, in which you inquired as to the status of the above numbered certificate of insurance. we learn that this certificate of insurance was cancelled March 1, 1932, on account of non-payment of premium and was not in benefit thereafter."

The defendant on October 14, 1932, in reply to another letter written by plaintiff's said counsel, said:

"The last day Lon Shephard worked for the St. Louis-San Francisco Railways company was November 10, 1931. The policy permits the continuance during the period of lay-off, provided the employee pays his contribution towards the premiums. He failed to make this contribution for the month of March, 1932 or thereafter, and, consequently, his insurance went out of benefit on March 1, 1932."

It was the plaintiff's theory in the trial court, as well as her theory in this court, that when the defendant denied liability on the sole ground that the insurance was forfeited for the nonpayment of the March premium, it waived any other defense. This contention is well enough in a proper case, but it does not apply to the facts in the instant case.

150

The insurance contract in plain words said that the employee, Shepard, when he was laid off on account of reduction in force, had the right to continue the insurance in force for a period of four months, namely, to April 1, 1932.

The contract terminated prior to the death of the employee; hence the statements in the letters to the effect that the contract was canceled on account of the nonpayment of the March premium did not waive the right of the defendant to assert that the contract sued upon terminated prior to the death of the employee. This for the reason that although waiver may defeat a defense a cause of action cannot be based upon a waiver. [Rosenberg v. General Accident Fire and Life Assur. Co., 246 S. W. 1009; Mitchell v. American Mutual Association, 46 S. W. (2d) 231.]

The petition alleged the execution of the contract and that it was in force at the time of the death of the employee. These essential allegations were disproved by plaintiff's evidence. The reply in legal effect pleaded that the statements in the letters waived any defense save the defense that the contract was canceled on account of the nonpayment of the March premium. The trouble with plaintiff's theory is that even though we were to hold that the tender of the March premium was sufficient to maintain the insurance in force during the month of March, we must, nevertheless, hold that the contract terminated at the close of the four months' period beginning December 1, 1931. Thus at the time of death there was no contract and, therefore, there was nothing to waive. Were we to sustain the plaintiff's contention we would in result say that a cause of action could be founded upon a waiver. The case should not have been submitted to the jury. The order awarding a new trial is reversed and the cause remanded with direction to set aside the order and enter judgment upon the verdict. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The order awarding a new trial is reversed and the cause remanded with direction to set aside the order and enter judgment upon the verdict. All concur.