# MARCH, 1940.

FRANK A. LEE, RESPONDENT, v. METROPOLITAN LIFE INSURANCE Co., APPELLANT.—144 S. W. (2d) 830.

Kansas City Court of Appeals. May 20, 1940.

*Harry Cole Bates, Michael, Blackmar, Newkirk, Eager & Swanson* and *Hunter & Chamier* for appellant.

*Thos. J. Tydings* for respondent.

SPERRY, C.—Plaintiff Frank A. Lee, sued defendant, Metropolitan Life Insurance Company, for monthly benefit payments accruing to him, and for return of premiums paid, during continuance of disability under the terms of a rider attached to an insurance policy issued to plaintiff by defendant. Trial was to the court without a jury and judgment was for plaintiff. Defendant appeals.

The provisions of the rider here in controversy are as follows:

"Hereby agrees, that upon receipt . . . of due proof, . . . that the insured has, . . . become totally and permanently disabled, . . . so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, and that such disability has already continued uninterruptedly for a period of at least three months, it will, *during the continuance* of such disability.

" '1. Waive the payment of each premium falling due under said Policy and this Supplementary Contract, and,

" '2. Pay to the insured, or a person designated by him for the purpose, . . . a monthly income of $10 for each $1,000 of insurance, or of commuted value of installments, if any, under said Policy.'

"Such waiver shall begin as of the anniversary of said Policy next succeeding the date of the commencement of such disability, and such payments shall begin as of the date of the commencement of such disability, provided, however, that in no case shall such waiver begin as of any such anniversary occurring, nor shall such payments begin as of a date, more than six months prior to the date of receipt of the required proof.

"Notwithstanding that proof of disability may have been accepted by the Company as satisfactory, the insured shall at any time, on demand from the Company, furnish due proof of the continuance of such disability, but after such disability shall have continued for two full years the Company will not demand such proof more often than once in each subsequent year." (Italics ours.)

The case was tried on an agreed statement of facts, except for the testimony of the medical witness offered by defendant. The policy and rider were issued and bore date of March 1, 1929, and all premiums thereon were fully paid. Plaintiff was totally disabled from June 18, 1934, until July 10, 1935, on which last-mentioned date he resumed his employment. He was not disabled at the time of trial, nor had he been disabled since his return to employment as above stated.

Plaintiff first wrote defendant, under date of April 19, 1937, notifying it of his above mentioned disability, and requesting proofs of loss. On April 22, 1937, defendant forwarded proper forms for making proofs, together with a letter which stated, in part, as follows:

"Before proceeding with your claim, we should like to point out that your policy provides benefits only in the event of total and permanent disability among other things, and makes no provision for disabilities of a temporary or partial nature. If you are now both totally and permanently incapacitated for the performance of any and all kinds of remunerative work, the enclosed blank Form 0345 should be completed by you."

On July 27, 1937, defendant wrote plaintiff as follows:

"We are in receipt of your letter of July 16 from which we find that there is still some disagreement between us as to the terms of the disability provision of your policy and our inability to allow indemnity for *temporary incapacity*.

"May we ask you to refer to the disability agreement and you will see that it requires proof that the insured has become totally and permanently disabled and that such disability has already continued for at least three months. There is no provision that benefit will be

paid in case of disability for three months or any other period of time when that disability is not permanent and you will appreciate that if that had been the intent of the contract it would have been so stated plainly and there would have been no reference to the requirement of proof that the insured has become *permanently disabled. Thus you will observe that the disability provision limits benefits to such incapacity as is permanently total. No provision is made for incapacitiies of a temporary or partial character as is the case with some other forms of insurance.*

"In the light of the foregoing facts we are sure that you will agree that we are not in a position to be of assistance to you in this instance." (Italics ours.)

Defendant sought to prove by a medical witness, by direct question and answer, that plaintiff was never, in fact, totally permanently disabled; for the reason that he had fully recovered his health and was, at the time of trial, able-bodied.

Defendant contends here, as it contended below, that the provisions of the rider never became operative because plaintiff was never "permanently and totally" disabled within the meaning of the policy because he, in fact, fully recovered; and that no presumption of "permanent" disability could be indulged in after total disability of three months, for the reason that his complete recovery, prior to date of trial, negatived such presumption.

We construed language similar to that used in this policy in the case of Laupheimer v. Massachusetts Mutual Life Insurance Company, 24 S. W. (2d) 1058. We there stated that the point raised was one of first impression in this State. At the time of trial, in that case, it was admitted that plaintiff was not then "permanently" disabled; but we held defendant liable, under the terms of its contract, for payment of benefits during continuance of total disability. The St. Louis Court of Appeals in Steck v. American National Assur. Co., 86 S. W. (2d), 113, followed our decision in the Laupheimer case, *supra,* and pointed out the distinction between the obligations created by the terms of the rider under consideration, and those of a different character. This court, speaking through TRIMBLE, J., in Thomas v. Metropolitan Life Insurance Company, 89 S. W. (2d) 590, 593, discussed the terms of a rider attached to a policy issued by this defendant, the terms of said rider being practically identical with those of the rider here considered. We there held, in unequivocal language, that defendant was liable for payment of the benefits mentioned in said rider because the term "permanently," as used therein, did not "mean forever thereafter during insured's life." We applied and followed our ruling in the Thomas case, *supra,* in Berkis v. Metropolitan Life Insurance Company, our docket No. 19627, in an opinion handed down April 29, 1940, not yet published. That case, on the point herein considered, is on all fours with the case at bar. We

adhere to the doctrine announced in the preceding cases and rule the point against defendant.

Defendant's next point is that the furnishing of due proof of loss is a condition precedent to plaintiff's right of recovery and, no proof of loss having been furnished until more than six months after total disability ended, plaintiff cannot recover under the terms of the rider as above quoted. To support its contention it cites Clinton v. Metropolitan Life Insurance Company, 94 S. W. (2d) 1080; Sapaw v. Metropolitan Life Insurance Company, 94 S. W. (2d) 1082; and Anderson v. Metropolitan Life Insurance Company, 96 S. W. (2d) 631.

In the Clinton case, *supra*, l. c. 1081, The St. Louis Court of Appeals stated that the terms of the rider specifically postponed "the commencement of the payment of the monthly installments called for by the policy for a period of six months *after* the receipt of due proof of disability. . . ." (Italics ours.) That court ruled to the same effect on a similar provision in the Sapaw and Anderson cases, *supra*.

Defendant also. cites other cases which we shall notice briefly. Young v. Metropolitan Life Ins. Co., 84 S. W. (2d) 1065, a decision by the Springfield Court of Appeals, does not pass on the question except vaguely and by inference, and then only by *dictum*. There is no language in Shepard v. Metropolitan Life Insurance Company, 99 S. W. (2d) 144, a decision by this court, that applies to the situation here considered. The two cases are materially different. In White v. Metropolitan Life Insurance Company, 107 S. W. (2d) 957, it was held that where the policy provided for commencement of payment of disability benefits *six months after* proof of disability was furnished, the suit was not premature when brought prior to expiration of six months where insurer had denied liability. To the same effect is the ruling in Meadows v. Metropolitan Life Insurance Company, 104 S. W. (2d) 788. The case of Chapman v. Metropolitan Life Insurance Company, 132 S. W. (2d) 1096, cited by defendant in support of this point, is, in reality, an authority against defendant's position. It cites, with approval, the opinion of Corcoran v. Metropolitan Life Insurance Company, 93 S. W. (2d) 1027, (St. Louis), wherein it was ruled that denial of liability on a stated ground, other than that of failure to furnish due proof of loss, amounts to a waiver of proofs and defects therein.

Reference to the letters from defendant to plaintiff, as quoted in our statement of the facts, discloses that defendant denied liability for the stated reason that plaintiff was not "totally and permanently" disabled within the meaning of the rider. This was held to be a waiver of proofs of loss and defects therein. [Corcoran v. Metropolitan Life Ins. Co., *supra*, 1029.] This court held, Laupheimer v. Northwestern Mutual Life Insurance Company, 24 S. W. (2d) 1062, 1064, as follows;

". . . that the denial of liability by defendant on the sole ground that plaintiff's disability did not come within the provisions of the policy, because plaintiff had recovered and his disability was not permanent, constituted a waiver of alleged failure to furnish proof of disability, regardless of whether the denial of liability occurred before or after the time when proofs were due."

To the same effect see Ash-Grove Lime & Portland Cement Company v. Southern Surety Company, 39 S. W. (2d) 434, 441. We held in a case previously decided during this term that denial of liability on the specified grounds that the rider did not cover loss except for "permanent total" disability, amounted to a waiver of due proof. [Berkis v. Metropolitan Life Insurance Company, *supra*.] In that case suit was brought long after the disability ended; and recovery was permitted, both for the benefit payments accruing and for premiums paid, during the entire period of disability suffered. Such premium payments and disability benefits went back to a date more than six months prior to any claimed offer of plaintiff to make proof of loss. The contention of defendant, in the last mentioned case, in connection with the point here under discussion, was identical with that here urged. We rule that defendant waived the furnishing of due proof of disability.

The language of the rider, in the first paragraph here considered, specifically and unequivocally provides for waiver of premiums and payment of disability benefits during the entire period of total disability (if such total disability continues for more than three months). The second paragraph thereof also specifically provides that benefit payments shall begin as of the date of the commencement of such disability; and that waiver of premiums shall begin on the anniversary of the policy next succeeding the date of commencement of such disability. Said paragraph then provides that in no event shall such waiver take effect, or payment of benefits begin, as of a date more than six months prior to the date of receipt of due proof of liability. The effect of the second paragraph is to modify the provisions of the first. A portion of the second paragraph is ambiguous, when considered together with other provisions of the rider; but we think the provision of the rider providing that waiver of premiums "shall begin as of the anniversary of said policy next succeeding the date of the commencement of such disability" is clear and that it, when considered with other provisions, creates no ambiguity. It should be enforced.

Waiver of premiums, therefore, did not begin until March 1, 1935, and covered premiums falling due for the months of March, April, May, June and July, at the rate of $2.57 per month, or a total sum of $13.85. The court erroneously included in the judgment the entire sum paid by plaintiff, as premiums, from the beginning of his disability, or the total sum of $35.78. The judgment is excessive in the amount of $21.93.

If plaintiff shall make *remittitur* of the sum of $21.93 on said judgment within ten days after this opinion is handed down, the judgment is affirmed; otherwise said judgment is reversed and the cause is remanded. *Campbell, C.*, concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. If plaintiff shall make *remittitur* of the sum of $21.93, on said judgment within ten days after this opinion is handed down, the judgment is affirmed; otherwise said judgment is reversed and the cause is remanded. All concur.