## EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES v. MERCANTILE COMMERCE BANK & TRUST CO. et al.

No. 12627.

Circuit Court of Appeals, Eighth Circuit.

June 12, 1944.

Rehearing Denied July 1, 1944.

THOMAS, Circuit Judge, dissenting in part.

————◆————

Harry A. Frank, of St. Louis, Mo. (Theodore Rassieur and George M. Rassieur, both of St. Louis, Mo., on the brief), for appellant.

Wm. H. Armstrong, of St. Louis, Mo. (Thomas H. Cobbs, of St. Louis, Mo., on the brief), for appellees.

Before STONE, THOMAS, and JOHNSEN, Circuit Judges.

STONE, Circuit Judge.

This appeal is from judgment (on jury waived trial) in favor of the executors of Clarence R. Comfort for disability benefits under and return of premiums on two life insurance policies issued by appellant in 1921. The disability and premium waiver provisions are identical in the policies except for amounts (concerning which there is no issue).

In 1930, insured made claims for disability, which were approved by the company, and benefits were paid and premiums waived until receipt of a letter (dated March 15, 1932) by the company from insured wherein (after referring to these policies) he stated:

"I wish to advise you that I am back at my desk for short periods each day. I hope to regain my strength sufficiently to be able to continue at work and unless you hear from me to the contrary before the end of the month, you need not send the checks on the above claims."

After that letter, payments for disability were discontinued and insured paid premiums subsequently due until claims were again made in June, 1939, for disability, stated therein, to have commenced May 18, 1939. These claims were approved and disability payments made and subsequent premiums waived until death of insured in July, 1940. During this second period (on October 24, 1939) insured made claim both for disability payments and return of premiums covering the period (March, 1932, to April, 1939, for payments and 1932 to 1938 for return of premiums) intervening between the above two periods when such payments and premium waivers were allowed. Liability was denied by the company upon general grounds, followed by this action by his executors.

The trial court found total and permanent disability during the period in suit; that insured acted under a "mistaken conclusion of fact that he was not totally and permanently disabled, within the meaning of the policies," when he wrote the above letter of March 15, 1932, and when he made his second claim for disability; and that there was no unreasonable delay in apprising defendant of his present claim for disability. Conclusions of law were stated: That insured was totally and permanently disabled during this period; that the company waived proof of such disability; that insured did not waive his right to claim this disability; that there was no accord and satisfaction; that the payment of premiums during this period was not "voluntary"; and that there was no estoppel against the recovery.

Appellant seeks reversal on the grounds: (1) That insured was not totally and permanently disabled during the period for which recovery is sought; (2) that insured waived his claim for premiums and benefit payments; (3) that the claim is barred by the doctrines of estoppel and of laches; (4) that the claim is barred by accord and satisfaction; (5) that premiums paid are not recoverable because they were voluntary payments; (6) that notice and proof of claims are, under the terms of the policies, conditions precedent to the liability of appellant; and (7) that the denial of liability on grounds not relating to proofs of disability made after the period of disability had expired is not, as the trial court held, a waiver of failure of proofs for the preceding period.

Appellees oppose these grounds and further contend that, even if furnishing of due proof be held a condition precedent to liability and if it be held further that the company did not waive such defense by

general denial of the claim, yet "the insured has substantially complied with the provisions of the policies relating to due proof, within the reason and the rule of Wayne v. New York L. Ins. Co., 8 Cir., 132 F.2d 28, and Hablutzel v. Home L. Ins. Co., 332 Mo. 920, 59 S.W.2d 639, affirming Mo.App., 52 S.W.2d 480."

1. *Existence of total and permanent disability.* The definition of such disability in the policies is, so far as here pertinent, as follows:

"Disability shall be deemed to be Total when it is of such an extent that the Insured is prevented thereby from engaging in any occupation or performing any work for compensation of financial value, and such Total Disability shall be presumed to be Permanent when it is present and has existed continuously for not less than three months."

■ Concededly, these were Missouri contracts. The finding of the trial court that the insured was totally and permanently disabled, during this period, is abundantly supported by evidence within the rule of decision laid down by Missouri courts. Stoner v. New York L. Ins. Co., 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284; Wiener v. Mutual Life Ins. Co. of New York, Mo. Sup., 179 S.W.2d 39; Heald v. Aetna Life Ins. Co., 340 Mo. 1143, 104 S.W.2d 379, 382; Comfort v. Travelers Ins. Co., Mo. App., 131 S.W.2d 734, 740; Stoner v. New York Life Ins. Co., 232 Mo.App. 1048, 114 S.W.2d 167; Id., Mo.App., 90 S.W.2d 784. Lengthy recital of the evidence would serve no useful purpose here. The fact situation will hereinafter appear sufficiently.

■ 2. *Waiver by insured.* It is contended that the insured waived his claim for disability for this period because of a voluntary termination of his claim during the first period and because of his failure to assert this claim until after his claim (made in June, 1939) for the second period had been allowed. The Missouri courts have many times stated the generally accepted definition of waiver to be an intentional relinquishment of a known right. State ex rel. Met. Life Ins. Co. v. Shain, 334 Mo. 385, 66 S.W.2d 871, 874; Williams v. Chicago, Santa Fe, etc., Railway Co., 153 Mo. 487, 54 S.W. 689. The pertinent fact situation is that since 1917 insured had suffered from a condition known as "heart block," from which develops a permanent and serious heart ailment known as "Stokes-Adams heart disease." This ailment be-

comes progressively worse and results ultimately in death. In 1921, these policies were issued and an additional—"rated up" —premium charge made. Why this additional charge was made does not appear but because of his then heart condition and because he had had some difficulty in procuring insurance, it is entirely possible that this rating up was because of this physical condition. In 1930, this heart condition became worse and he was placed, for a considerable time, in a hospital and later returned to his home where he remained away from business until early in 1932. Early in 1932, he returned to his business against the advice of his doctors. It was about this time that he wrote the company to cease disability payments. This business consisted of a sizeable printing, stationery and mail order business which he had built up and largely owned. His business activities, on his return, were much lessened and restricted both as to character and time. This limited activity was continued—with heart attacks recurring and progressive retrogression in health—until July, 1939. At that time, he collapsed and remained continuously in hospital until his death in July, 1940. In June, 1939, he made the second claim for disability, which was allowed.

■ Besides these two policies, insured had a similar kind of policy with the Travelers Insurance Company. About the time (1930) he made his first claim on these two policies, he made a like claim under the Travelers policy. Liability was denied. Suit was brought in the State court. Just when this suit was tried does not appear but from the opinion on appeal (Comfort v. Travelers Ins. Co., Mo.App., 131 S.W.2d 734), it appears that evidence as to his condition at least as late as January, 1937, was introduced and considered. On that appeal, the court passed upon the sufficiency of the evidence to sustain recovery and held that it tended to show that "subsequent to 1932" insured was totally and permanently disabled (page 741 of 131 S.W. 2d). This opinion was filed September 12, 1939, and rehearing denied October 10, 1939. On October 24, 1939, the claims here involved were made in a letter to the company. From this letter and subsequent correspondence—particularly a letter from insured of March 9, 1940—it is clear that insured was first apprised by the Comfort opinion that he was, during the period March 15, 1932, to May 18, 1939, totally and permanently disabled within the mean-

ing of these two policies as such disability was defined in that opinion; and that he had been mistaken in thinking and acting otherwise. Since "whether or not plaintiff was totally disabled within the meaning of the policy provision is a mixed question of law and fact" (Comfort v. Travelers Ins. Co., Mo.App., 131 S.W.2d 734, 741), acting under a mistaken belief as to that matter would prevent such action being an intentional relinquishment of a known right, as required by the Missouri decisions to constitute a waiver (Taylor v. Aetna Life Ins. Co., 236 Mo.App. 435, 154 S.W. 421, 423; Picotte v. Mills, 200 Mo.App. 127, 203 S.W. 825, 826).

3. *Estoppel and laches.* It is further urged that the insured's claim was barred by the docrines of laches and of estoppel. The doctrines are not applicable to the facts of this case. Since there was no requirement in the policy that proof must be furnished within a specified time and since this is an action at law, the insured was at liberty to assert his claim at any time within the period fixed by the statute of limitations (Corcoran v. Metropolitan Life Ins. Co., Mo.App., 93 S.W.2d 1027; Wayne v. New York Life Ins. Co., 8 Cir., 132 F.2d 28) and no fact situation is present justifying estoppel.

4. *Accord and Satisfaction.* The agrument that the court erred in holding that there was no accord and satisfaction fails for want of merit. It is based upon the fact that checks sent to the insured for disability payments after September 6, 1939, were endorsed on the back with a rubber stamp: "In full settlement of any and all Disability Claims to the date of this check." The insured objected to this endorsement, and the company, on November 10, 1939, wrote to him that "* * * we are willing to concede that your acceptance of such endorsement does not constitute a waiver of any right you may think you have." To constitute an accord and satisfaction a payment must be offered, intended, and accepted as a satisfaction of the original demand. Aldridge v. Shelton's Estate, Mo.App., 86 S.W.2d 395, 399. The appellant is not in a position to urge the contention that there was an accord and satisfaction in this case.

5. *Voluntary payment of premiums.* It is contended, also, that the payment of premiums during the period covered by the claim was voluntary and therefore cannot be recovered. The court found that such payments were made under mistake of fact, and the evidence supports that finding. See Lydon v. New York Life Ins. Co., 8 Cir., 89 F.2d 78; New York Life Ins. Co. v. Talley, 8 Cir., 72 F.2d 715; Bank of Ethel v. Colmen, Mo.App., 290 S.W. 1022, 1025.

6. *Proof of claim as condition precedent.* We agree with appellant's contention that proof of claim by the insured is a condition precedent to the liability of the insurer under the provisions of the policies. The Missouri rule is that unless the language of an insurance policy is ambiguous the courts must give effect to its plain meaning. Prange v. International Life Ins. Co. of St. Louis, 329 Mo. 651, 46 S.W.2d 523, 80 A.L.R. 950. On the other hand, if the language used is ambiguous it must be construed liberally in favor of the insured. Bothmann v. Metropolitan Life Ins. Co., 299 Mo. 269, 252 S.W. 652; Schoen v. American Nat. Ins. Co., Mo.App., 167 S.W. 2d 423. In the instant case the waiver of premiums is clearly limited by condition 1 (a) of the policy to premiums "falling due after the receipt of such proof and during the continuance of such total and permanent Disability." This language is not ambiguous. It excludes waiver of all premiums payable, or falling due, prior to receipt of such proof. Citation of Missouri cases upon this point is hardly necessary because in the recent case of Lincoln Nat. Life Ins. Co. v. Ghio, 8 Cir., 111 F.2d 307, Judge Sanborn of this Court reviewed the Missouri decisions and reached the conclusion that under a policy of the type here under consideration the Missouri rule is (page 309 of 111 F.2d): "That the furnishing of proof of disability * * * is a condition precedent to liability on the part of the company for a waiver of premiums." See, also, Feinberg v. New York Life Ins. Co., 233 Mo.App. 707, 127 S.W.2d 82, 86; Clinton v. Metropolitan Life Ins. Co., Mo.App., 94 S. W.2d 1080; Sapaw v. Metropolitan Life Ins. Co., Mo.App., 94 S.W.2d 1082; and Farmer v. Metropolitan Life Ins. Co., 230 Mo.App. 80, 85 S.W.2d 235, 238.

Neither is the provision for the payment of disability benefits ambiguous Clause (1) of the policy, supra, provides that: "Disability Benefits before age 60 shall be effective upon receipt of due proof * * * (b) * * * the first payment to be payable upon receipt of due proof of such Disability and subsequent payments

monthly thereafter during the continuance of such total and permanent Disability." The St. Louis Court of Appeals, in Rowan v. New York Life Ins. Co., 124 S.W.2d 577, 580, construing the language of a policy very similar to the language quoted above, said: " * * * while it was concededly the insured's total and permanent disability which was the contingency insured against, it was not the commencement of disability, but the receipt of proof of disability at defendant's home office, which rendered the disability benefits 'effective', so as to mark the beginning of the period for which disability benefits were to be thereafter allowed." Proof of disability not having been made prior to the end of the period for which recovery was sought, the court denied recovery. Applying the same reasoning to the language of the policies in suit the furnishing of proof of disability is a condition precedent to liability for benefits, and the liability is not merely postponed until proof is made, although not made until after the period expires. Compare Grafe v. Fidelity Mutual Life Ins. Co., Mo.App., 84 S.W.2d 400; Moss v. Metropolitan Life Ins. Co., 230 Mo.App. 70, 84 S.W.2d 395, 398; Sutherland v. Metropolitan Life Ins. Co., Mo.App., 99 S.W.2d 111, 112; Anderson v. Metropolitan Life Ins. Co., Mo.App., 96 S.W.2d 631, 634; Feinberg v. New York Life Ins. Co., 233 Mo.App. 707, 127 S.W.2d 82; Wayne v. New York Life Ins. Co., 8 Cir., 132 F.2d 28, 35.

It is said that clause 1(b) is ambiguous in that the words "the first payment" may be construed to include the sum of all monthly payments accruing during the period from the commencement of disability until the receipt of proof of such disability, or that it may mean the first *monthly* payment only; and that the clause must, under the rule of the Bothmann case, supra, be construed against the insurer in favor of the insured. We do not think that clause 1, when considered as a whole, is ambiguous. The insurer agrees to "(b) Pay to the Insured a Monthly Disability-Annuity as stated above; the first payment to be payable upon receipt of due proof," etc. This clearly means the "first [monthly] payment."

██ 7. *Waiver of proofs by insurer.* Appellant contends the court erred in holding it waived furnishing of proofs as a condition precedent to liability for the period in suit. Hereinbefore, we have determined that such proofs were conditions precedent to any liability under these policies, with the result that disability payments and premium waivers could begin and cover only periods subsequent to such proofs. The issue is whether a bare denial of liability on the ground that insured was not totally and permanently disabled during the period is, in law, a waiver of proofs with the effect of reaching back and allowing disability for a period already completely passed before any proofs were offered. This is to be determined by the law of Missouri as contained in the decisions of·its courts since there are no applicable statutory provisions.

Where insurance policies before the Missouri courts were to the effect that the occurrence of the loss insured against should ripen the liability of the insurer so that payments were due from date of disability but proofs of loss were required before such payments were enforceable—in short, where such proofs were conditions *subsequent*— the rule has been repeatedly announced that a denial of liability entirely upon other grounds is a waiver of the requirement for such proof of loss. The cases are numerous and we cite, as examples, only Propst v. Capital Mut. Ass'n, 233 Mo.App. 612, 124 S.W.2d 515, 521; Porter v. Equitable Life Assur. Soc., Mo.App., 71 S.W.2d 766, 773; Hardie v. Metropolitan Life Ins. Co., Mo.App., 7 S.W.2d 746, 748.

Where the policy provisions did not provide for payments from date of disability but created no liability until proofs of loss were furnished—in short, such proofs were conditions *precedent* to the existence of liability—the Missouri courts hold that a denial of liability entirely upon other grounds is not a waiver except as to payments accruing *after* such denial unless there be an estoppel or a valid consideration for such waiver. State ex rel. Metropolitan Life Ins. Co. v. Allen, 339 Mo. 1156, 100 S.W.2d 487; Chapman v. Metropolitan Life Ins. Co., Mo.App., 132 S.W.2d 1096, 1097, 1098; White v. Metropolitan Life Ins. Co., Mo. App., 107 S.W.2d 957, 961; Meadows v. Metropolitan Life Ins. Co., Mo.App., 104 S.W.2d 788, 790; Barton v. Metropolitan Life Ins. Co., Mo.App., 103 S.W.2d 889, 891; Grafe v. Fidelity Mutual Life Ins. Co., Mo.App., 84 S.W.2d 400, 404. Up to the Allen case, the St. Louis Court of Appeals had held that there could be no waiver of such condition precedent—even of payments due after the waiver (Sutherland v. Metropolitan Life Ins. Co., 99 S.W.2d 111,

112; Anderson v. Metropolitan Life Ins. Co., 96 S.W.2d 631, 634; Clinton v. Metropolitan Life Ins. Co., 94 S.W.2d 1080, and Sapaw v. Metropolitan Life Ins. Co., 94 S. W.2d 1082)[1]; while the Kansas City Court of Appeals seems to have held that there could be a complete waiver applying both before and after the denial of liability (Laupheimer v. Northwestern Mut. Life Ins. Co., 224 Mo.App. 422, 24 S.W.2d 1062, 1064). The Springfield Court of Appeals took the middle position that there could be such waiver but only as to payments *after* the denial of liability. Young v. Metropolitan Life Ins. Co., 229 Mo.App. 823, 84 S. W.2d 1065. The Young case went to the Supreme Court of Missouri by certiorari, sub. nom. State ex rel. Metropolitan Life Ins. Co. v. Allen et al., Judges, and was approved, 339 Mo. 1156, 100 S.W.2d 487, and is the established rule in Missouri.

 With the exception of the Grafe case, the cases cited in the next preceding paragraph involved situations where the disability continued after the denial of liability. Since those cases refused any effect to such denial as a waiver for disability before the denial, they are direct authority for holding that the denial in this case was ineffective as a waiver for the period here involved since that period had entirely ended before this denial of liability. However, there are Missouri decisions which deal with the situation where the period of disability had passed before the denial of liability. They hold such denial is not retroactively effective as a waiver but must be the basis of an estoppel. Grafe v. Fidelity Mut. Life Ins. Co., Mo.App., 84 S.W.2d 400, 404; Hayes v. Equitable Life Assur. Soc., 235 Mo.App. 1261, 150 S.W.2d 1113, 1118; Stiers Bros. Const. Co. v. Moore, Mo.App., 158 S.W.2d 253, 257; Chandler v. John Hancock Mut. Life Ins. Co., 180 Mo.App. 394, 167 S.W. 1162, 1164; Albers v. Phoenix Ins. Co., 68 Mo.App. 543; Bolan v. Fire Ass'n of Philadelphia, 58 Mo. App. 225; and see Doerr v. National Fire Ins. Co., 315 Mo. 266, 285 S.W. 961, 54 A.L. R. 1336, and Keck v. American Fire Ins. Co., Mo.App., 167 S.W.2d 664, 669. Here there is no basis for an estoppel nor is any consideration for the waiver claimed. We

conclude the denial of liability here was no waiver of failure to furnish proofs during or before the period of disability in suit.

8. *Contention of appellees.* Irrespective of the matters hereinbefore examined, appellees contend that "the insured has substantially complied with the provisions of the policies relating to due proof, within the reason and the rule of Wayne v. New York Life Ins. Co., 8 Cir., 132 F.2d 28, and Hablutzel v. Home L. Ins. Co., 332 Mo. 920, 59 S.W.2d 639, affirming Mo.App., 52 S.W.2d 480." Appellees rely also on Feinberg v. New York Life Ins. Co., 233 Mo. App. 707, 127 S.W.2d 82.

The Hablutzel case held that "notice" was the equivalent of "due proof" where the policy required no particular form of proof initially but the insurer made its own investigation and that "notice" was satisfied by verbal statement of existence of disability by the wife of insured made to the cashier of a local agency whose duty was to receive information of disability claims. The Feinberg case was to the same effect. The Wayne case involved a Missouri policy and cited and followed the Hablutzel and Feinberg cases.

Appellees do not assert that any oral or other statements concerning disability were made before or during this period *with specific reference to this period.* Their position is as follows: At time of insurance in 1921, the premium was rated up because of a heart condition known as "heart block." This condition developed in 1930 into an advanced stage known as Stokes-Adams Heart Disease and insured was hospitalized in May, 1930. Claims were made and disability payments made thereon from in 1930 to in 1932. The medical testimony is that the condition, as developed in 1930, was necessarily progressive and incurable. The progress of the disease from 1930 to his final hospitalization in 1939 was the normal course of the disease. When the claim in 1930 was recognized by the appellant, its physicians were fully aware of the eventual course of the disease. Insured's letter of March 15, 1932, simply stated he was "back at my desk for short periods each day" and in no way gave the impression that he was not really dis-

---

[1] In Corcoran v. Metropolitan Life Ins. Co., 93 S.W.2d 1027, 1029, the St. Louis Court of Appeals uses broad language stating a waiver to exist from a denial of liability on other grounds. Whether this case can be reconciled with the other cases (above cited) from that Court before the Allen case is not important. The cases cited from that Court are later than the Corcoran case and all of them are before the Allen case, wherein the Supreme Court established the rule.

abled within the proper meaning of the policies. It was written under a mistaken construction of the policies. The manager in St. Louis of appellant's agency, Mr. Nelson, and the agent who sold the policies, Mr. Bradley, both were well aware of insured's condition. The above outlined situation "clearly establishes that the company had 'due proof' of the insured's disability from May, 1930, and in a sense practically every day thereafter until his death."

We take the essence of this position to be that appellant knew of the heart condition when the policies were issued; that it knew of the developed stage of the disease and of its progressive and incurable character when it received and allowed the claim for disability on account thereof in 1930; that no change in such knowledge resulted from the letter of March 15, 1932; and that its representatives had knowledge of insured's condition during the period involved.

This situation is different from those in the Hablutzel, Feinberg and Wayne cases in that those cases had to do with specific statements concerning the disabilities there in suit. Whether appellees are right in contending that this situation is within the reasoning of those cases is not determinative of whether the fact situation relied on is sufficient to authorize relief.

The record before us seems to reveal a somewhat unusual situation in so far as this matter is concerned. The amended petition states that "said Clarence R. Comfort on or about the 30th day of May, 1930, became permanently and *continuously* disabled within the meaning of said policy up to and including the date of said insured's death, which occurred on or about the 26th day of July, 1940, in that on said 30th day of May, 1930, the insured suffered a complete heart block, chronic myocarditis, hypertension of the heart and chronic nephritis, which said diseases *continued* from on or about May 30, 1930, and *progressively became worse* until the death of the insured from said disease" (italics added); that *"from on or about May 30, 1930,* the said insured, due to said diseases, as aforesaid, was *continuously* prevented thereby from engaging in any occupation or from performing any work for compensation of financial value within the meaning of said policy of insurance" (italics added); that "the said Clarence R. Comfort furnished due proof to defendant of said total and permanent disability"; that "under and·by

virtue of the terms of said policy the defendant became obliged and was required to waive the premiums maturing on said policy, or becoming due thereon, *on and after May 30, 1930,* in the sum of Six Hundred Sixty and 30/100 ($660.30) Dollars per year and for the payment to the insured of the sum of One Hundred Fifty ($150.00) Dollars per month *on and after August 30, 1930"* (italics added); that payments and waiver of premiums had been allowed during 1931 and portions of 1930 and 1932 and during portions of 1939 and 1940 up to death of insured; that premium payments were made, during the interim period, by insured under a mistake of "law and fact"; and that insured, prior to death, demanded repayment of premiums and payment of disability benefits and *"offered and did furnish* to defendant company *due proof* of his disability within the meaning of said policy *on* and after *May 30, 1930"* (italics added).

Clearly the petition presented and claimed a "continuous" disability from and after May 30, 1930, up to death of insured; due proof thereof *"on* and after May 30, 1930" (italics added); and liability for the portion of that entire period for which benefit payments were not made and premiums were not waived by appellant.

The answer pleaded waiver by insured as to this period, estoppel, accord and satisfaction, and laches and, as to the premiums involved, voluntary payment. The reply specifically opposed the accord and satisfaction defense and "specifically deny that Clarence R. Comfort ever, by any action or conduct, knowingly waived *any rights relating to the cause of action* here in dispute, or by his conduct in any way misled or misrepresented to defendant any material facts relating to his physical condition or activities of any kind or character. That, on the contrary, defendant was fully advised of all information relating to Clarence R. Comfort's physical condition and activities *between May 30, 1930 and July 5, 1940,* the date of Clarence R. Comfort's death, and specifically refused the offer of Clarence R. Comfort prior to his death and the offer of his counsel to make available any additional or further information that defendant might require in relation to the claims here in controversy" (italics added).

Thus, these pleadings presented clearly issues as to a continuous disability from May 30, 1930 to death, as to due proof "on" May 30, 1930, as well as afterwards, and as to defenses of waiver, etc., thereto, and as to

knowledge of the condition of insured by appellant. As pertinent to the matter immediately being considered, two of these issues were (1) whether the proof of loss of May 30, 1930, could carry through the entire period to death and, therefore cover this period involved here; and (2) whether such right, if it existed, had been forfeited by waiver, estoppel and the other affirmative defenses.

■ For the most part, the evidence was pertinent to the theory that the original due proof was sufficient or to the theory that the letter of October 24, 1939 (the "later" proof) was sufficient. As indicated by the findings of fact, the conclusions of law and the opinion of the trial court, attention seems to have concentrated on the letter of October 24, 1939. We so think because there was no specific finding or conclusion as to the proof of May 30, 1930, except as to a statement in finding 2 that "on May 29, 1930, the insured became totally and permanently disabled." However, the findings and conclusions as to the affirmative defenses are equally applicable to either the proof of May 30, 1930, or to that of October 24, 1939; and the opinion states that the premium was rated up because of this heart condition and that the disease was "incurable and progressive." In a motion by appellant "to amend findings of fact," appellant sought to have stricken out the above statement in Finding No. 2 and substitution therefor that "On May 29, 1930, the insured became totally and presumably permanently disabled." This was denied. It is not rare that where a court can reach the same result by either of several issues within the pleadings that it deems action upon one only as sufficient to dispose of the litigation—such may have been the situation here and the reason why the sufficiency of the original proof of loss of May 30, 1930, was not covered in the findings and conclusions. This omission becomes important now only because we determine—differently from the trial court—that the proof of October 24, 1939, is insufficient. Since the judgment must be reversed upon this basis, it becomes vital that there should be findings, conclusions and judgment as to the sufficiency of the proof of loss of May 30, 1930, to serve, under the circumstances, as proof of loss

of the claimed "continuous" disability extending through the period here involved. We think justice requires that the case be remanded for the purposes of such findings, conclusions and judgment as the trial court may deem proper with the right to either party to introduce additional evidence directed to this matter. Sec. 876, Title 28 U.S.C.A.; Montgomery v. Realty Acceptance Corp., 284 U.S. 547, 551, 52 S.Ct. 215, 76 L.Ed. 476; Little Miami & C. & X. R. R. Co. v. United States, 108 U.S. 277, 280, 2 S.Ct. 627, 27 L.Ed. 724; Brent v. Davis, 10 Wheat. *395, 399, 405, 6 L.Ed. 350; United States v. Nez Perce County, Idaho, 9 Cir., 95 F.2d 232, 235; Venice Hunting & Trapping Co. v. Salinovich, 5 Cir., 16 F.2d 121; Wilson v. Spencer, 5 Cir., 261 F. 357, 358; Fifth Third Nat. Bank v. Johnson, 6 Cir., 219 F. 89, 95; Allen v. Parmalee, 5 Cir., 142 F. 354, 363. This disposition is accentuated by the situation that appellees, having been given full relief by the trial court, could not have appealed. Public Service Comm. v. Brashear Lines, 306 U.S. 204, 206, 59 S.Ct. 480, 83 L. Ed. 806; Lindheimer v. Illinois Tel. Co., 292 U.S. 151, 176, 54 S.Ct. 658, 78 L.Ed. 1182; New York Tel. Co. v. Maltbie, 291 U.S. 645, 54 S.Ct. 443, 78 L.Ed. 1041; Houchin Sales Co. v. Angert, 8 Cir., 11 F. 2d 115, 118; Rogers v. Penobscot Mining Co., 8 Cir., 154 F. 606, 609.

■ Another matter brought to our attention by the record is that, during this period, insured may have received dividends in an amount greater than he would have been entitled to had appellant been then paying disability benefits and waiving premiums. If this be true, any recovery by appellees should be reduced to the extent of any difference and excess in such dividends which may be proven.

The judgment is reversed and remanded for limited purposes which are to allow any additional evidence upon either of these two matters and, upon such evidence and the evidence heretofore introduced, to make such disposition and judgment as seems proper.

THOMAS, Circuit Judge, dissents to that portion of the opinion entitled "7. *Waiver of proofs by insurer.*"