# LITTLE MIAMI & COLUMBUS & XENIA RAILROAD COMPANY *v.* UNITED STATES.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF OHIO.

Decided April 16th, 1883.

*Income Tax—Internal Revenue—Practice—Railroads.*

The provisions in the act of June 30th, 1864, 13 Stat. 284, ch. 173, § 122 ; and in the act of June 13th, 1866, 14 Stat. 139, ch. 184, § 9, that the profits of a railroad company carried to the account of any fund, or used for construction shall be subject to and pay a tax, do not apply to earnings by a railroad company which are used for construction or carried to a fund, unless, on a rest made and balance struck for the period for which the tax is demanded, the operations of the company show a profit.  In this respect the rule in the statute differs from that which it lays down in respect to earnings used to pay interest or dividends, which were taxable whether there were actual profits or not.

In a suit to recover taxes alleged to be in arrear on the profits of a railroad company carried to a fund or expended in construction, the burden of proof is on the United States to show that the company earned such profits, and that losses shown by the company were not suffered during the period.

When the law is settled in the court above, but the findings show uncertainty as to the facts on which judgment is to be based, the cause should be remanded for such further proceedings to be had in the inferior court as the justice of the case may require.

Action to recover five per cent. tax on profits alleged to have been carried to a fund, or expended in construction.  All the

material facts necessary to the comprehension of the controversy are stated in the opinion of the court.

*Mr. William M. Ramsey* for plaintiff in error.
*Mr. Solicitor-General* for the United States.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This was a suit begun by the United States on the 29th of March, 1875, to recover of the Little Miami and Columbus and Xenia Railroad Company a tax of five per cent. on alleged profits of the company " carried to the account of any fund or used in construction," provided for by the act of June 30th, 1864, c. 173, sec. 122, 13 Stat. 284, amended by the act of July 13th, 1866, c. 184, 14 Stat. 139. A jury was waived and the trial had by the court. The case comes here on a finding of facts. From this finding it appears "that during the period covered by the petition, viz., from the 1st day of July, 1864, to the 30th day of November, 1869, inclusive, the defendant, in good faith, regularly made returns of earnings, profits, income, and gains, and of profits carried to the account of any fund, or used for construction, arising or accruing to it during said period, intended and believed by it to embrace all such profits, incomes and gains, and all such profits carried to the account of any fund, or used for construction, which by law it was bound to return; which returns were received and accepted, and for the amount of which assessments from time to time were made of the taxes payable thereon, which taxes were regularly paid by it to the officer lawfully authorized by law to collect the same." In addition to this it also appears " that over and above the amount so returned, on which taxes were paid as aforesaid, the defendant did in fact make additional earnings, which by it were carried to the account of some fund, or used for construction during said period, amounting in all to the sum of $168,707.22, on which no tax has been paid."

The finding also shows that during the year 1869 the defendant carried to the debit of profit and loss on its books, various items amounting in all to $184,395.06. In this way the books show no profits between July 1st, 1864, and November 30th,

1869, beyond the amount on which taxes were paid in the regular course of business. Of the sum so charged up, one item of $51,155.44 was for loss and depreciation on book accounts and other choses in action, acquired by the company prior to July 1st, 1864, and which had been standing on the books until 1869 at their par value ; another item of $22,000 was for the depreciation in the value of bonds purchased after July 1st, 1864 ; another item of $106,014.62 was for the depreciation in the value of what was known as the " street connection track," and another item for $5,225 was for losses on a purchase in 1867 of shares of capital stock in a cotton-press company.

Upon these facts, so found, the company claimed that, in ascertaining the amount of profits liable to taxation, there should be deducted from the earnings during the period for which the tax was claimed these several items of loss and depreciation, but the court ruled, as a matter of law, " that for the purpose of taxation the defendant is not entitled by law to make the deduction as claimed," and gave judgment for five per cent. on the whole sum of $168,707.22.

In our opinion there was error in this ruling. The tax in question is not upon *earnings* " carried to the account of any fund or used for construction," but upon *profits.* Earnings used to pay interest or dividends are taxable, whether actual profits or not, but earnings used for construction, or carried to the account of a fund, are not to be taxed, unless they represent profits of the company in its business as a whole, that is to say, the excess of the aggregate of gains from all sources, over the aggregate of losses. The law evidently contemplated an annual statement of accounts, and in this way an annual striking of balances between gains and losses. When, in such statements, it appeared that a part of the excess of gains over losses had been used for construction or added to some fund, then a tax was to be paid on what had been so used or appropriated. This was part of the system adopted for the taxation of the " profits, income, or gains " of railroad corporations, which, as was said in *Railroad Company* v. *Collector*, 100 U. S. 595, it was the object of this statute to provide. A tax was

put on dividends, interest paid in the ordinary way, and *profits* used for construction or carried to some fund. This was a classification of the income of the corporation for the purposes of taxation.

In the present case there has been no assessment of a tax, but the United States have sued to recover such sum as, upon an investigation of the accounts of the company, it shall appear ought to have been paid. The burden of proof is upon the government. No more can be recovered than is shown to be due. In presenting the evidence no attempt seems to have been made by the United States to state annual accounts, and ascertain the amount to be paid on that basis. The court has found that between July 1st, 1864, and November 30th, 1869, earnings to the amount of $168,707.22 had been used for construction or carried to the account of some fund, but it has also found that between the same dates the company lost $22,000 by depreciation in its investments in bonds, and $5,225 by depreciation in the stock of a cotton-press company. In the view we take of the law, these sums should have been deducted from the earnings as ascertained before fixing the amount of profits on which the tax was to be paid. It is not stated with certainty in the finding at what dates the losses actually occurred which are represented by the items of $51,155.44, depreciation in the value of book accounts and choses in action, and $106,014.62, depreciation in the value of the street connection track. For this reason we are unable to decide whether these losses, or any part of them, should be deducted. As the omission to make the finding sufficiently specific in this particular undoubtedly arose from the fact that the court ruled as a matter of law that no deductions could be made on account of losses of this character, we will remand the cause, so that further inquiry may be had on that point. This we have authority to do under section 701 of the Revised Statutes, which allows a cause to be remanded for "such further proceedings to be had in the inferior court as the justice of the case may require."

*The judgment of the circuit court is reversed and the cause remanded, with instructions to deduct from the amount of earnings, as ascertained upon the former trial, the items of*

$22,000, *depreciation in the value of bonds, and* $5,225, *depreciation in the value of cotton-press stock, together with such other sums included in the items of* $51,155.44, *depreciation in book accounts and choses in action, and* $106,-014.62, *depreciation in value of the street connection track, as, upon further hearing, shall be found to represent losses accruing to the company between July 1st, 1864, and November 30th, 1869, and to render judgment only for such an amount of tax as shall appear to be due upon that basis.*