**STATE of Texas, Appellant,**

v.

**JASCO ALUMINUM PRODUCTS CORPORATION et al., Appellees.**

**No. 11547.**

Court of Civil Appeals of Texas.

Austin.

Nov. 8, 1967.

Crawford C. Martin, Atty. Gen., George Cowden, 1st Asst. Atty. Gen., John R. Grace and Thomas M. Thurmond, Asst. Attys. Gen., Austin, for appellant.

Coleman Gay, Joseph Latting, Austin, for appellees.

PHILLIPS, Chief Justice.

This is a suit for the collection of delinquent franchise taxes, penalties and interest due by a foreign corporation for doing business in the State· of Texas under a certificate of authority granted it by the State. Fireman's Fund Insurance Company, the maker of a surety bond guaranteeing the payment when due of all fees and franchise taxes to the State of Texas, was also joined as a defendant.

The trial court rendered a take nothing judgment against the State and the State has perfected its appeal to this Court.

We affirm.

Appellee Jasco Aluminum Products Corporation is a New York corporation which acquired its Certificate of Authority to do business in Texas for a ten year period on January 5, 1962. Appellee Fireman's Fund Insurance Company wrote a surety bond in the amount of $500 in accordance with the provisions of Vernon's Ann.Tex.Rev.Civ. Stat. art. 12.06(3), Title 122A, Taxation-General. Under the provisions of Article 12.09, Title 122A, Jasco Aluminum Products Corporation became obligated to make its First Year Franchise Tax Report on or before May 1, 1963. No such report was ever filed.

In accordance with Article 12.16, Title 122A, Jasco Aluminum's right to do business was forfeited on July 16, 1963 and proper notification was sent to both appellees.

The State is before us on two points of error, the first being that of the trial court by rendering judgment that it take nothing by its suit after it had established a prima facie case against appellees; that the State, upon submitting to the trial court certain official documents and the trial court's action in admitting same into evidence, established a prima facie case and shifted the

burden of going forward with evidence to appellees.

We overrule this point.

The State sued Jasco Aluminum Products Corporation and Fireman's Fund Insurance Company, the surety on its franchise tax bond, for $500, not because there was any contention that this amount was due and owing for taxes and penalty, but because this is the amount of the bond. Admittedly, the amount sued for bears no relation to the franchise tax and penalty actually due and owing.

■ The State contends that it is entitled to judgment for the $500 because the Comptroller's "Certificate of Franchise Tax Status" in which he states that he asserts a claim for this amount should have been considered to be prima facie evidence that said amount was due and owing, and the burden of going forward with the evidence should thereby have been shifted to the defendants.

We do not agree with this. Here the Comptroller's Certificate says nothing with regard to the amount due except that the corporation did not file the required franchise tax return and that he "is, therefore, *asserting a claim* for the tax in the amount of $500." (Emphasis added.) This is not a certificate that any amount is due.

The State also contends that the appellees should have had the burden of proving that their liability was less than $500 because "public policy demands the shifting of such a burden to the defendant, because * * * it would be impossible for the State to prove any other tax liability aside from that related in the certificate as quoted."

■ This argument, conceivably, might appeal to the Legislature. However, we know of no statute or rule shifting the burden as recommended. When the State files a suit, as it did in this instance, or when it is sued with its consent, it occupies the same position as any other litigant. State v. Stanolind Oil & Gas Co., 190 S.W.

2d 510, (Tex.Civ.App. Beaumont 1945, writ ref'd). Thus, the State was before the court as any other plaintiff and was under the burden of proving its case. Little Miami, Columbus & Xenia Railroad Company v. United States, 108 U.S. 277, 2 S.Ct. 627, 27 L.Ed. 724 (1883).

The State of Texas has at all times had plenary power to examine the principal's books and records to secure the information necessary to compute the tax. Art. 12.12, Title 122A, gives the Secretary of State and the State Auditor this power. In addition, Art. 139 of the Penal Code, Vernon's Ann. makes it a criminal offense for any person required by law to file a franchise tax return to fail to return it within the time specified by statute. There was, apparently, no attempt made to use depositions, request for admissions, or other discovery procedures to secure the necessary information.

We hold that the State did not make a prima facie case by introducing the Comptroller's Certificate, that the burden of proof did not shift, and that the trial court correctly rendered judgment in appellees' favor upon the State's failure to prove that any amount was due by Jasco Aluminum Products Corporation for franchise taxes and penalties.

Appellant's second point of error is that of the trial court in failing to construe Article 12.06(3), Taxation-General, Title 122A, to allow the face amount of bond to be forfeited as liquidated damages in the instance where a foreign corporation files no franchise tax returns and franchise tax liability is unascertainable.

We overrule this point.

■ Here appellant takes the position that Article 12.06(3), Title 122A, should be construed as requiring a forfeiture of the principal amount of the bond merely upon proof that the principal failed to file a return from which its liability for franchise taxes could be ascertained.

This statute, which also requires that the bond be given, negatives this contention as it expressly provides that if the corporation's right to do business in Texas is forfeited,

"* * * the Attorney General shall bring suit upon such bond * * * against the surety or sureties thereon *for the amount of such delinquent fees, franchise taxes, and penalties due and owing the State of Texas, * * *"* (Emphasis added)

■ Another part of the same statute negativing a legislative intent to require a forfeiture of the amount of the bond is Sec. (2) of Art. 12.06 which immediately precedes the section mentioned above. That section provides for the deposit by a foreign corporation of $500 in cash with the Secretary of State, to be held in trust during the time it does business in the State. Sec. (2) provides expressly that if the corporation's *right to do business is forfeited* the Secretary of State shall apply said sum,

"* * * to the payment of all fees and franchise taxes and penalties which may become due by such corporation to the State of Texas."

and that after that portion of the deposit has been so applied,

"* * * such deposit or the balance thereof, if any, shall be paid by the Secretary of State to the legal agent, * * * of such foreign corporation in this State."

Thus, under Sec. (2) of Art. 12.06 the State is permitted to retain only so much of the cash deposit as may be necessary to pay the delinquent fees, franchise taxes and penalties, and the foreign corporation is entitled to have the balance returned to it. In like manner, if a surety bond is given instead of a cash deposit, the only amount the State is entitled to recover in suit on the bond is the amount of the delinquencies.

The judgment of the trial court is affirmed.

Affirmed.