TEXAS DEPARTMENT OF COR-
RECTIONS, Petitioner,

v.

James W. HERRING, Respondent.

No. B–4341.

Supreme Court of Texas.

July 24, 1974.

Rehearing Denied Sept. 24, 1974.

John L. Hill, Atty. Gen., Jack Sparks, Asst. Atty. Gen., Austin, for petitioner.

Moore, Morris & Payne, Louis M. Moore, Houston, for respondent.

SAM D. JOHNSON, Justice.

Suit for damages brought under the Texas Tort Claims Act.[1] James W. Herring brought this action for personal injuries against the Texas Department of Corrections. The trial court held that, as a matter of law, Herring did not have a cause of action under the Texas Tort Claims Act and rendered a take-nothing summary judgment with prejudice. The court of civil appeals reversed and remanded. 500 S.W.2d 718. We affirm the judgment of the court of civil appeals.

Plaintiff Herring, a prisoner of the Texas Department of Corrections at Huntsville, received an accidental injury to the right side of his face in a basketball game. He received medical treatment at the prison hospital and later at The University of Texas Medical Branch Hospital in Galveston. Despite such treatment Herring lost all vision in his right eye. Herring's petition did not allege specific acts of negligence; rather, his petition contained only a general allegation of negligence which was "negligence in failing to provide adequate medical care and treatment."

Herring served written interrogatories on "[t]he Department of Corrections, Defendant herein, by and through its Attorney of Record, John L. Hill, Attorney General of Texas, . . ." These interrogatories, among other things, sought the basic information needed to assert specific allegations of negligence: the names of doctors, nurses and paraprofessionals who treated the plaintiff, details of his injury and the medical treatment administered to him. The Department of Corrections moved to strike the interrogatories on the ground that Rule 168, Texas Rules of Civil Procedure, is not applicable to the State. The record contains no ruling on this motion. The trial court nevertheless proceeded to grant the Department of Correction's motion for summary judgment. As a result, the plaintiff's written interrogatories were not answered. In remanding the case, the court of civil appeals said it perceived no reason why the State should be exempt from Rule 168. This court agrees with the court of civil appeals.

As a general rule, the State litigates as any other party in Texas courts "When the state becomes a litigant in the courts it must observe and is bound by the same rules of procedure that bind all other litigants, except where special provision is made to the contrary." Texas Company v. State, 154 Tex. 494, 281 S.W.2d 83, 90 (1955). See also State v. Jasco Aluminum

1. Art. 6252–19, Vernon's Ann.Civ.Stat. (as amended in 1973).

Products Corporation, 421 S.W.2d 409 (Tex.Civ.App.—Austin 1967, no writ). Laws and rules governing evidence, burden of proof, cross complaints, pleadings, instructed verdicts and summary judgments bind the State and other litigants uniformly. *See* State v. Humble Oil & Refining Co., 141 Tex. 40, 169 S.W.2d 707 (1943); Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562 (1943); and Note, 43 Tex.L.Rev. 979, 982 (1965).

■ Under Federal Rule 33, Federal Rules of Civil Procedure, the Federal government has long been required to respond to interrogatories. United States v. Shubert, 11 F.R.D. 528 (S.D.N.Y.1951); United States v. General Motors Corporation, 2 F.R.D. 528 (N.D.Ill.1942). The purpose of the Federal rule is to give "[m]utual knowledge of all the relevant facts gathered by both parties . . . ." Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947). Texas Rule 168 is derived from and is an almost exact copy of Federal Rule 33. As under the Federal rule, interrogatories in this State are designed to elicit the basic facts of the case. *See* Comment, Written Interrogatories and Requests for Admissions, 19 Baylor L.Rev. 133 (1967).

Despite this similarity in purpose, there is one Texas case which would seem to run contra to Federal authority. Harrington v. State, 385 S.W.2d 411 (Tex.Civ.App.—Austin 1964, reversed on other grounds, 407 S.W.2d 467 (Tex.1966), cert. denied, 386 U.S. 944, 87 S.Ct. 977, 17 L.Ed.2d 874 (1967). In *Harrington* the court of civil appeals specifically exempted the State from answering interrogatories. The intermediate appellate court relied on Article 4411, V.A.C.S., which recites, "[n]o admission, agreement or waiver, made by the

Attorney General, in any action or suit in which the State is a party, shall prejudice the rights of the State."[2] From this language the court of civil appeals reasoned that "[i]t would be futile for the Attorney General to answer interrogatories for the State when his answers could not prejudice the rights of the State." 385 S.W.2d 411 at 417. The *Harrington* case was then reversed by this court on other grounds. 407 S.W.2d 467 (Tex.1966).

■ After review of *Harrington* in connection with the instant case, we are of the opinion that the court of civil appeals in *Harrington* was in error in excluding the State from the ambit of Rule 168. Article 4411, the statute relied on by the court of civil appeals in *Harrington*, prohibits the Attorney General from making any "admission, agreement or waiver" that prejudices the State; yet, Rule 168 operates only to clarify *facts*. This court does not believe that the State will be in any way prejudiced by a full revelation of the *facts* involved in a case; the Attorney General will not be called upon to make admissions, agreements and waivers. The Department of Corrections argues that Rule 168 does not refer specifically to the State. However, other rules of civil procedure referring only to "parties" have been applied to the State. Bednarz v. State, *supra*. Extensive authority supports the proposition that the State is bound by the rules of civil procedure *unless* special provisions provide otherwise. *See* Texas Company v. State, *supra*, and the cases cited *infra*; and 43 Tex.L.Rev. 979, *supra*, and the cases cited *infra*.

The plaintiff here, Herring, followed the procedure outlined in Rule 168 in every respect. Rule 168 provides that interrogatories must be directed at a party, but deliv-

---

2. The *Harrington* court focused on the Attorney General's power to answer interrogatories because at the time the case was decided Rule 168 authorized the answering party's *attorney* to sign the interrogatories. Effective February 1973 the *party* answering must sign. In the instant case Herring correctly direct-

ed his interrogatories to the Department of Corrections "by and through its Attorney of Record, John H. Hill, Attorney General of Texas." The essential issue in *Harrington* and the instant case is the same despite the rule change: must the State answer interrogatories?

ered to that party's attorney unless delivery to the party himself is ordered by the court. The Texas Tort Claims Act provides, "[t]he Attorney General of Texas shall defend all actions brought under the provisions of this Act against any unit of government whose authority and jurisdiction is coextensive with the geographical limits of the State of Texas." Art. 6252–19, Sec. 9. Herring therefore served his interrogatories on the Department of Corrections through the Attorney General.

■ Aside from the preliminary question relative to interrogatories, the only issue to be resolved is whether the Department of Corrections was entitled to a summary judgment. The Texas Tort Claims Act, Article 6252–19, Section 3, reads:

"Sec. 3. Each unit of government in the state shall be liable for money damages for personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising from the operation or use of a motor-driven vehicle and motor-driven equipment, other than motor-driven equipment used in connection with the operaton of floodgates or water release equipment by river authorities created under the laws of this state, under circumstances where such officer or employee would be personally liable to the claimant in accordance with the law of this state, or death or personal injuries so caused from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state. . . ."

Herring relies on the State's liability for "use of tangible property." In the plaintiff's petition, containing the very general allegation of negligence, he asserted that the Texas Department of Corrections and its agents and/or employees were negligent in "failing to provide adequate medical care and treatment." The Department of Corrections, without anything more than its motion to strike interrogatories, moved for summary judgment, asserting that "Plaintiff's allegations fail to bring him within the requirements of the Texas Tort Claims Act and there is no legal authority for an action such as alleged by Plaintiff against this Defendant." Although not pointed out specifically in the motion, the Department of Corrections argues here that a failure to give medical care cannot involve the use of tangible property, citing Beggs v. Texas Dep't of Mental Health & Mental Ret., 496 S.W.2d 252 (Tex.Civ.App. —San Antonio 1973, writ ref'd). This court agrees that Herring's pleadings failed to state a cause of action since no "use of tangible property" was alleged as required by the Texas Tort Claims Act.

■ However, the question to be resolved is whether Herring, under the instant circumstances, may be denied the opportunity to amend his pleadings because they were attacked via a summary judgment motion instead of a special exception. It is recognized that a party may plead himself out of court; e. g., the plaintiff may plead facts which affirmatively negate his cause of action. See for example Morris v. Hargrove, 351 S.W.2d 666 (Tex.Civ.App. —Austin 1961, writ ref'd n. r. e.), and Schroeder v. Texas & Pacific Ry. Co., 243 S.W.2d 261 (Tex.Civ.App—Dallas 1951, no writ). In such instance it is proper to grant the defendant's motion for summary judgment. The instant case is clearly distinguishable however. Here, as we have held, Herring's pleadings were insufficient; that is, they failed to state a cause of action. The Department of Corrections leveled no special exceptions to Herring's pleadings and thus no opportunity to amend his pleadings to state a cause of action was afforded.

Had the Department of Corrections filed special exceptions which were sustained by the court, Herring would have had an opportunity to amend as a matter of right. McCamey v. Kinnear, 484 S.W.2d 150

(Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.). But only after a party has been given an opportunity to amend after special exceptions have been sustained may the case be dismissed for failure to state a cause of action.

In the instant case Herring was precluded opportunity to amend his pleadings once the trial court had granted the motion for summary judgment. This court believes that the protective features of special exception procedure should not be circumvented by a motion for summary judgment on the pleadings where plaintiff's pleadings, as here, fail to state a cause of action. To do so would revive the general demurrer discarded by Rule 90, Texas Rules of Civil Procedure. McDonald, Summary Judgments, 30 Tex.L.Rev. 285, 297 (1951); Suggs and Stumberg, Summary Judgment Procedure, 22 Tex.L.Rev. 433, 439–40 (1944); 2 McDonald, Texas Civil Practice § 7.18 at 205.

We agree with the court of civil appeals that the instant motion for summary judgment alleging that the plaintiff's pleadings fail to state a cause of action cannot take the place of a special exception. Accordingly, this case must be returned to the trial court. If the Department of Corrections files a special exception which is sustained and Herring still fails to state a cause of action,[3] then the case may properly be dismissed.

The judgment of the court of civil appeals is affirmed.

Dissenting opinion by WALKER, J., in which GREENHILL, C. J., joins.

WALKER, Justice (dissenting).

Rule 168 was amended effective February 1, 1973. At that time we eliminated the language that formerly authorized interrogatories to be answered by the attorney of the party interrogated. When the interrogatories in the present case were served, the rule required, as it does now, that the interrogatories be answered "by the party served, or, if the party served is a public or private corporation or a partnership or association, by an officer or agent." Rule 168 is quite similar to Federal Rule 33, but there is one important difference. Federal Rule 33 specifically provides that if the party served is a "governmental agency," the interrogatories may be answered by any officer or agent. There is no similar provision in Rule 168. Under our statutes and rules, information in the possession of public officials and employees is subject to discovery by deposition, but neither the Attorney General nor any other official or employee is authorized to answer interrogatories for and in the name of the State of Texas. Until we further amend Rule 168 or until the Legislature authorizes someone to answer interrogatories on behalf of the State, it is my opinion that the State may not be required to respond to interrogatories propounded under Rule 168.

GREENHILL, C. J., joins in this dissent.

---

3. Under Rule 166–A(f), Texas Rules of Civil Procedure, Herring is entitled to pursue discovery measures.