**Juanita YOUNG, Appellant,**

v.

**VANCE GODBEY COMPANY, Appellee.**

**No. 18353.**

Court of Civil Appeals of Texas,
Fort Worth.

Dec. 31, 1980.

Denbow & Wells, and H. G. Wells, Fort Worth, for appellant.

Fillmore & Camp, and Roy B. Johnson, Fort Worth, for appellee.

OPINION

PER CURIAM.

Order of the trial court on 3 January 1980, following hearing held 12 December 1979 upon special exceptions of the defendant Vance Godbey Company, recited: "having examined such special exceptions, together with the law applicable thereto and having considered the evidence presented by counsel for both Plaintiff and Defendant, Vance Godbey Company, (the court) is of the opinion that such special exceptions should in all things be sustained."

Thereupon the court's order was written, as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the special exceptions set forth in Paragraphs I and II of Defendant, Vance Godbey Company's, First Amended Original Answer be and the same are hereby sustained and Vance Godbey Company is dismissed as a party to this lawsuit at

Plaintiff's cost, and it is further ordered that all of Plaintiff's allegations and pleadings as to Vance Godbey Company and the seeking of judgment pursuant to Section 17.41 of the Texas Business and Commerce Code shall be regarded as stricken from Plaintiff's pleadings."

By reference to the pleadings, including the First Amended Original Answer of Vance Godbey Company, that corporation was a defendant added as such to a suit pending against Vance Godbey, an individual, beyond the applicable period of appropriate statute of limitation. We take note of the fact that, absent evidence, we may not assume that Juanita Young, the plaintiff, could not make allegation and proof of a sufficient period during which any applicable statute of limitation might have been "tolled". On oral presentation before this appellate court it was made clear that at the hearing of the special exceptions in the trial court no evidence of any kind was presented.

The material special exception No. I read, as follows:

"Defendant, Vance Godbey Company, specially excepts to the entirety of Plaintiff's Third Amended Original Petition (of Juanita Young) insofar as same seeks judgment against said Defendant for a cause of action allegedly accruing on or about August 15, 1975, inasmuch as such demand is stale and barred by limitations. Defendant, Vance Godbey Company, therefore says that such allegations as to it should be struck from the Plaintiff's pleadings and that said Defendant, Vance Godbey Company, should be dismissed from such cause of action at Plaintiff's cost, of which special exception Defendant, Vance Godbey Company, prays judgment of the Court."

The special exception No. II related to the same amended petition of Juanita Young, though to its allegation of a cause of action under Tex.Bus. & Comm.Code Ann. sec. 17.41 et seq. (1980) or to "Subchapter E. Deceptive Trade Practices-Consumer Protection Act." By our disposition of the appeal we do not consider the exception and ruling of the court material.

It is obvious that the trial court, upon sustaining the special exceptions to the pleadings of Juanita Young upon her suit as it pertained to Vance Godbey Company, had dismissed the same as applied to the corporate defendant without having afforded any opportunity to her to amend her pleadings. A point of error complains thereof.

 Where this has occurred reversible error has resulted as a consequence of the dismissal. In such circumstances the party whose pleadings have been stricken on special exception, so that nothing remains in the pleadings upon which he or she might proceed to trial, must be afforded an opportunity to elect to amend or to stand on the pleadings as filed before the case may be dismissed. *Texas Department of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex. 1974); and see also the authorities listed under 3 McDonald, Texas Civil Practice sec. 10.12.1 (1970), "Pretrial Conference. C. Disposition of Special Exceptions, (VI), Effect of Overruling".

The judgment of dismissal is reversed, and the cause is remanded to the trial court.