**John W. HAYS, et ux., Appellants,**

v.

**Ray McNEICE, et al., Appellees.**

**No. 9382.**

Court of Appeals of Texas,
Amarillo.

Oct. 15, 1982.

Rehearing Denied Nov. 5, 1982.

G. Brockett Irwin, Longview, for appellants.

Crenshaw, Dupree & Milam, Cecil Kuhne, George H. McCleskey, Lubbock, for appellees.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

A take-nothing summary judgment terminated plaintiff John W. Hays' actions for damages against defendants Ray McNeice, Jim Ed Waller, individually and in his capacity as president of Plains National Bank of Lubbock, Texas, and the Plains National Bank. The judgment was rendered on the ground that Hays' pleadings established that the causes of action he alleged were barred by statutes of limitations. Disagreeing that the defendants conclusively established the affirmative defense, we reverse and remand.

Hays filed his original petition on 30 July 1980. In the petition, Hays particularized his causes of action against the bank, whose conduct is ascribed to Waller, as fraud in common law, fraud in real estate and stock transactions in violation of Section 27.01 of the Texas Business and Commerce Code, slander of his business reputation and, in essence, tortious interference with his contractual relationships. Following the particularization, Hays faulted all defendants for their alleged wrongful activities in a series of events extending from the summer of 1976 to 27 January 1978. Next, Hays, in chronicling another series of events ending on 3 April 1979, accused McNeice, and the bank through collusion, of wrongfully failing to honor agreements between McNeice and Hays which, together with the first series of events, so Hays alleged, resulted in damages to him on 3 April 1979.

Initially, Waller and the bank filed an exception to Hays' petition for its failure to state a cause of action against them; however, the record does not show that the exception was either presented to or acted upon by the trial court. And McNeice, in suggesting that Hays has not alleged any cause of action against him, characterizes the allegations in Hays' ten-page petition as broad and confusing.

Yet, in generally denying Hays' allegations, all defendants accepted Hays' enumeration of his causes of action against the bank as applying to all of them and affirmatively interposed the defenses of limitations to the prosecution of those actions. The affirmative defenses were predicated upon the one-year statute of limitation, Article 5524,[1] for commencement and prosecution of the slander action, and the two-year statute of limitation, Article 5526, for the commencement and prosecution of the other tort actions. In doing so, however, the defendants ignored that part of Hays' petition which recites that McNeice, in collusion with the bank, failed to perform under agreements made with Hays, resulting in a breach of duties on 3 April 1979.

Thereafter, the defendants moved for summary judgment on all of Hays' actions, claiming entitlement thereto solely upon the pleadings of the parties. The ground expressly presented to the trial court was the pleaded affirmative defense of limita-

---

1. All statutes cited are the Texas Revised Civil Statutes Annotated (Vernon Supp.1982).

tions—*viz.,* the prosecution of Hays' action for slander was barred by the one-year statute of limitation, and the prosecution of Hays' other tort actions was barred by the two-year statute of limitation. Hays answered the summary judgment motion filed by Waller and the bank, but he neither answered nor otherwise responded to McNeice's motion. In the answer he filed, Hays expressly presented the ground that his causes of action were commenced and prosecuted within the applicable periods of limitation, directing attention to his breach of contract action which, he presented, is governed by the four-year statute of limitation, Article 5527.

Granting the summary judgment motions, the court summarily rendered judgment decreeing that Hays take nothing by his actions. Appealing, Hays utilizes three points of error to contend that the court erred in granting each defendant's motion.[2]

The determinative question is whether it is conclusively established from the face of Hays' petition that prosecution of his alleged causes of action is barred by limitations; that is, that the suit filed on 30 July 1980 was commenced after the time statutorily permitted for prosecution after the causes of action accrued.[3] If so, the interposed defense of limitations was established as a matter of law, and summary judgment

was proper. *Texas Department of Corrections v. Herring,* 513 S.W.2d 6, 9 (Tex.1974); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex. 1972). But, if the defense of limitations does not affirmatively appear from the pleadings, summary judgment was not properly rendered on those pleadings. *Swilley v. Hughes, supra; Whatley v. National Bank of Commerce,* 555 S.W.2d 500, 507 (Tex.Civ.App.—Dallas 1977, no writ).

Since the defendants' motions were directed solely to Hays' pleadings, we must liberally construe the pleadings, taking as true every allegation in the pleadings. 4 R. McDonald, Texas Civil Practice § 17.26.8 (rev.1971). A perusal of Hays' pleadings reveals a great amount of generalization with respect to both the pleaded involvement of various defendants in the series of events recounted and the dates some of the alleged events occurred. The defendants have defended on the premise that only the causes of action Hays enumerated against the bank apply to them and that all of those causes accrued no later than 27 January 1978, a date more than two years before the suit was filed. Still, imprecise though Hays' pleadings may be, they, untested by exceptions, are at least minimally sufficient to show the genuine factual issue that all defendants are impleaded in the alleged cause of action for breach of contract accruing some sixteen months before the com-

2. Waller and the bank submit that the two points of error by which Hays contends the trial court erred in granting their motion are insufficient when tested by the rule that points will be overruled if they, considered in connection with the underlying argument and authorities, are too general. However, in citing authorities for the rule, none of which address a summary judgment point of error, Waller and the bank apparently have overlooked the holding in *Malooly Brothers, Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970), that a point of error in the language employed by Hays is sufficient and allows argument as to all the possible grounds upon which the summary judgment should have been denied. Of course, that holding has been tempered by the 1978 amendment to Texas Rules of Civil Procedure, Rule 166–A, which limits the arguable grounds on appeal to (1) those grounds which the non-movant expressly presented to the trial court, if any, to defeat the movant's right to summary judgment, and to (2) a contention that the grounds expressly presented to the trial court

by the movant's motion are insufficient as a matter of law to support the summary judgment rendered. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678–79 (Tex. 1979). Thus, Hays' points of error, together with the arguments he makes and the authorities he cites thereunder, are sufficient to present his central contention that the defendant-appellees did not conclusively establish from the pleadings the defense of limitations they presented to the trial court.

3. In resolving the question, we do not discuss Hays' argument that the allegations in his first amended original petition invoke the "discovery rule" to determine when his cause of action for fraud accrued. The record before us does not contain an amended original petition and, in our view, Hays' original petition does not set forth facts sufficient to raise the question whether the fraud alleged was concealed or unknown to him.

mencement of this suit, any doubt of which must be resolved against the defendants. *Gaddis v. Smith,* 417 S.W.2d 577, 582 (Tex. 1967).

It may be that if the pleadings are subjected to exceptions and amended to provide specificity, some, or all, of the now alleged actions will be exposed to either summary judgment for negation of a cause of action, *Texas Department of Corrections v. Herring, supra,* or establishment of an insuperable barrier to a right of recovery, *Swilley v. Hughes, supra,* or to dismissal for failure to state a cause of action. *Texas Department of Corrections v. Herring, supra,* at 10. But, since the untested petition on its face can be construed to state a legal basis for relief against all defendants, even though not pleaded with the specificity which may be required upon exception, Hays' causes of action as a whole are not vulnerable to summary judgment. *Gottlieb v. Hofheinz,* 523 S.W.2d 7, 14 (Tex.Civ.App. —Houston [1st Dist.] 1975, writ dism'd) (opinion on rehearing).

In so deciding, we have not undertaken to unravel Hays' pleadings to determine if any particular pleaded cause of action is barred by limitation for two reasons: (1) the defendants moved for, and were granted, summary judgment on the whole case, and (2) the facts, as pleaded without formal exception, are so interwoven and dependent on each other as to make it impractical to second-guess the pleader by attempting to isolate and assign them to a particular pleaded cause of action. *See Turner, Collie and Braden, Inc. v. Brookhollow, Inc.,* 642 S.W.2d 160 (1982). Rather, because there was error in the judgment rendered, we deem that a remand of the entire cause is proper in the interest of justice. *United States Fire Insurance Company v. Carter,* 473 S.W.2d 2, 3 (Tex.1971).

The summary judgment is reversed and the cause is remanded.