**John Allen GAULDING et al., Appellants,**

v.

**The CELOTEX CORPORATION et al., Appellees.**

**No. 11–87–104–CV.**

Court of Appeals of Texas, Eastland.

April 14, 1988.

Rehearing Denied May 12, 1988.

Brent M. Rosenthal & Lisa A. Blue, Baron & Budd, Dallas, for appellants.

Kevin J. Cook & Gary D. Elliston, DeHay & Blanchard, Dallas, for appellees.

OPINION

DICKENSON, Justice.

This is a summary judgment case. Plaintiffs[1] sued five corporations,[2] seeking to hold them liable for the personal injuries and death of their mother, Ethel H. Gaulding. Plaintiffs' mother died on March 19, 1984, from lung cancer caused by asbestos from asbestos board which was purchased and installed in their parents' home on or about June of 1956. After plaintiffs judicially admitted that they "cannot identify the manufacturer of the asbestos-containing board in question" and agreed that "it is impossible to identify the manufacturer," the trial court granted the motions for summary judgment filed by all of the defendants. We affirm.[3]

Plaintiffs present a single point of error which reads in full as shown:

---

1. John Allen Gaulding, Carolyn Jean Wylie, and Barbara Ann Pryor, Individually and as Personal Representatives of the Heirs and Estate of Ethel H. Gaulding, Deceased.

2. The Celotex Corporation, National Gypsum Company, United States Gypsum Company, Keene Corporation, and GAF Corporation.

3. This appeal was transferred from the Dallas Court of Appeals to this Court on May 28, 1987. See TEX.GOV'T CODE ANN. sec. 73.001 (Vernon Pamph.1988).

The District Court erred in granting Defendants' Motions for Summary Judgment on the issue of causation, because theories of collective liability viable in Texas relieve the Plaintiffs of the burden of establishing the precise cause of injury.

A. Various theories, such as alternative liability, market-share liability, enterprise liability, and concert of action have been developed by other jurisdictions to enable a plaintiff injured by a toxic substance manufactured or sold in identical form by several companies to recover damages from each and any of such companies without the necessity of proving the identity of the manufacturer or seller of the precise substance to which the plaintiff was exposed.

B. Policy interests well-grounded in Texas tort law require the fashioning of a theory of collective liability to apply to cases such as the case at bar in which an innocent plaintiff could have been injured by one of several tortfeasors.

This point of error is overruled because this Court agrees with the trial court that "alternative liability," "collective liability," "market share liability," "enterprise liability," and "concert of action" have not been adopted as law in the State of Texas and, consequently, there are no genuine issues of material fact.[4]

Plaintiffs concede the general rule that the burden of proof is on the plaintiff to prove that the tortious conduct of the defendant caused harm to the plaintiff. Plaintiffs cite the following cases as a basis for shifting this burden of proof: *Abel v. Eli Lilly and Company*, 418 Mich. 311, 343 N.W.2d 164 (1984); *Bichler v. Eli Lilly and Company*, 55 N.Y.2d 571, 450 N.Y.S. 2d 776, 436 N.E.2d 182 (1982); *Sindell v. Abbott Laboratories*, 26 Cal.3d 588, 163 Cal.Rptr. 132, 607 P.2d 924 (1980), *cert. denied*, 449 U.S. 912, 101 S.Ct. 286, 66 L.Ed.2d 140 (1980); *Hall v. E.I. DuPont de Nemours and Co., Inc.*, 345 F.Supp. 353 (E.D.N.Y.1972).

Plaintiffs concede that:

No Texas court has considered whether Texas law prohibits, permits, or requires the imposition of collective liability in a case in which a Plaintiff is unable to identify the precise tortfeasor but can only identify a class of *possible tortfeasors*. (Emphasis added)

▇ This Court declines plaintiffs' invitation to permit the imposition of collective liability against a "class of possible tortfeasors." The asbestos board was purchased secondhand more than 30 years ago, and plaintiffs concede that it would be "impossible to identify the manufacturer." We note that the Supreme Court of Oklahoma recently rejected the approach urged upon us by plaintiffs.[5] See *Case v. Fibreboard Corporation*, 743 P.2d 1062 at 1067 (Okla.1987), where the Supreme Court of Oklahoma responded to a certified question of law from the United States Court of Appeals for the Tenth Circuit by stating:

Although plaintiffs in asbestos related injury cases may not be able in all cases to identify potential defendants, the public policy favoring recovery on the part of an innocent plaintiff does not justify the abrogation of the rights of a potential defendant to have a causative link proven between that defendant's specific tortious acts and the plaintiff's injuries where there is a lack of circumstances which would insure that there was a significant probability that those acts were related to the injury. We therefore would not recognize the applicability of a market share theory of liability to asbestos injury litigation under Oklahoma law. Such an application would impose on the individual members of the asbestos industry a program of compensation for injuries potentially caused by any mem-

---

4. Special exceptions are not required when the plaintiffs plead facts which "affirmatively negate" their cause of action. See *Texas Department of Corrections v. Herring*, 513 S.W.2d 6 at 9 (Tex.1974).

5. See also *Goldman v. Johns–Manville Sales Corp.*, 33 Ohio St.3d 40, 514 N.E.2d 691 (1987); *Celotex Corp. v. Copeland*, 471 So.2d 533 (Fla. 1985).

ber of the industry devoid of considerations of actual causation by the individual named as defendant. The creation of a program of compensation for victims of asbestos related injuries *as a matter of policy* is a matter for the legislative body and not for the courts. (Emphasis in original)

As we find market share theory of liability inapplicable under the facts presented to us in conjunction with the present question, we also find the various other theories of collective liability referred to us by plaintiffs to be inapplicable to forge a theory under which they might recover. The applicability of alternative liability theory, concert of action theory and enterprise liability theory were all considered in connection with the DES cases and rejected as inapplicable. The factors which rendered these theories inapplicable in the field of DES litigation are clearly present in the area of asbestos litigation and also render the theories inapplicable.

Our answer to the United States Court of Appeals for the Tenth Circuit is that Oklahoma would not recognize a form of collective liability as a theory of relief in an asbestos related injury litigation where the plaintiff is unable to identify specific tortfeasors.

The summary judgment of the trial court is affirmed.