Sadler v. Felder 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00325-CV







Kevin M. Sadler and Kim D. Sadler, Appellants



v.



Scott Felder, Inc. and Scott Felder Limited Partnership,


d/b/a Scott Felder Homes, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 94-14672, HONORABLE PETE LOWRY, JUDGE PRESIDING







 Kevin M. Sadler and his wife, Kim D. Sadler, appellants, sued Scott Felder, Inc. and Scott
Felder Limited Partnership, d/b/a Scott Felder Homes (collectively "Felder"), appellees. (1) The Sadlers
alleged that Felder committed violations of the Deceptive Trade Practices Act, Tex. Bus. & Com. Code
Ann. §§ 17.41-.63 (West 1987 & Supp. 1996) ("DTPA"), and statutory fraud under Tex. Bus. & Com.
Code Ann. § 27.01 (West 1987) in a transaction in which the Sadlers bought a house from Felder. The
trial court rendered summary judgment in favor of Felder. In three points of error, the Sadlers contend that
the trial court erred (1) by ruling that, under the DTPA, the Sadlers were not "consumers" as to Felder, (2)
by ruling that the failure to disclose material information is not actionable under section 27.01, and (3) by
granting summary judgment on the ground that the pleadings failed to state a cause of action without first
giving the Sadlers an opportunity to replead their claims. We will reverse the summary judgment.



FACTUAL AND PROCEDURAL BACKGROUND


 In December 1993, the Sadlers purchased a house from Felder in the Estates of Shady
Hollow, a neighborhood in southwest Travis County. Water was supplied to the subdivision by the Shady
Hollow Estates Water Supply Corporation ("WSC"). After moving into the house, the Sadlers found
problems with the water supply provided to the house. Sometimes the pressure was low, and at other
times the Sadlers suffered a complete water outage.

 The Sadlers complained that they never would have purchased the home had they known
of the problems with the water supply. They alleged that Felder knew of the problems with the water
supply, failed to disclose such information to the Sadlers, and through its agent, Michael Nolin Brown,
represented that the water supply was good. The Sadlers sued both WSC and Felder for violations of the
DTPA and for real estate fraud. 

 The trial court granted summary judgment for Felder, concluding as a matter of law that: 
(1) the Sadlers were not consumers vis-à-vis Felder within the meaning of the DTPA; (2) the statements
alleged by the Sadlers to have been made by Felder's agent were mere "puffing" and thus not actionable
under the DTPA or section 27.01 of the Texas Business & Commerce Code; (3) section 27.01 is limited
to false representations and does not create a cause of action for failure to disclose.



DISCUSSION


 In their first point of error, the Sadlers contend that they are "consumers" for purposes of
their DTPA action against Felder. Under the DTPA, a "consumer" is a person who has sought or acquired
goods or services by purchase or lease, where such goods or services form the basis of the complaint. 
DTPA § 17.45(4); see also Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535, 539 (Tex. 1981). 
The Sadlers contend that (1) they are consumers as to Felder because they acquired a good (the house)
and (2) Felder's failure to disclose its knowledge of water pressure problems in the neighborhood
improperly induced their purchase of the home. 

 Felder contends that the Sadlers do not meet the requirements to be a consumer under the
DTPA. Even though the Sadlers purchased the house from Felder, the company argues that the good or
service that actually forms the basis of the complaint is the water service provided by WSC. Because
Felder does not supply the water, it asserts that the Sadlers are not consumers with respect to Felder for
the service that forms the "true" basis of the complaint. Felder also contends that it is not liable because
its relation to the third party is not inextricably intertwined. See Knight v. International Harvester Credit
Corp., 627 S.W.2d 382, 388-389 (Tex. 1982).

 Felder's attempt to distance itself from the good or service that forms a basis of the
complaint falls short because it is both WSC's inferior water service and Felder's failure to disclose its
knowledge of that problem that, together, form the basis of the Sadlers' complaint. The fact that the
withheld information concerned a third party's service should make no more difference than if Felder knew
that one of the suppliers of materials with which the home was built had supplied shoddy materials, as long
as the information was material to the Sadlers' purchase decision. See Amstadt v. U.S. Brass Corp., 919
S.W.2d 644, 650 (Tex. 1996) (liability under DTPA of seller of house containing faulty plumbing system
is not disputed).

 Moreover, it is incorrect to suggest that a consumer must have acquired the good or service
from the defendant in order to meet the statutory definition of consumer. See Flenniken v. Longview
Bank & Trust Co., 661 S.W.2d 705, 707 (Tex. 1981). A plaintiff's status as a consumer is defined by
his relationship to a transaction. Id. In this case, both the Sadlers' relation to the transaction and to the
goods of the transaction bolster their status as consumers. We sustain point of error one.

 In their third point of error, the Sadlers contend that they should have been allowed to
replead their statutory fraud claim if their petition failed to state a cause of action under Tex. Bus. & Com.
Code Ann. § 27.01 (West 1987). They argue that Felder should have filed special exceptions to the
pleading, thereby giving them an opportunity to replead to correct any insufficient claim. Felder contends
that repleading is not appropriate here because the only affirmative misrepresentations allegedly made by
Felder were rejected by the trial court as a matter of law as "mere puffing" and because the omissions
pleaded are not actionable under the statute.

 A plaintiff may not be denied the opportunity to amend his pleadings because they were
attacked via summary judgment instead by a special exception. Texas Dep't of Corrections v. Herring,
513 S.W.2d 6, 9 (Tex. 1974). Summary judgment may not be based on a pleading deficiency that could
be cured by amendment. In re B.I.V., 870 S.W.2d 12, 13 (Tex. 1994). It is of course possible for a
plaintiff to plead facts that affirmatively negate his cause of action. Herring, 513 S.W.2d at 9. The
Sadlers, however, did not plead any such facts. They simply have not, according to Felder, pleaded the
right facts. Even where the plaintiff has not pleaded sufficient facts to state a cause of action, that
deficiency may not result in a summary judgment or dismissal on the merits before he is given an opportunity
to amend his pleadings. What such amended pleadings might contain is uncertain. The repleaded
allegations might or might not state a cause of action, but the court may not deny a plaintiff the opportunity
to make an attempt. We sustain point of error three.

 In light of the foregoing holdings on points of error one and three, we need not address
point of error two.



CONCLUSION


 We reverse the trial court's judgment and remand the cause to that court for further
proceedings.



 J. Woodfin Jones, Justice

Before Justices Powers, Aboussie and Jones

Reversed and Remanded

Filed: October 16, 1996

Do Not Publish

1.   The Sadlers also sued two other parties, Sage Land Company and Shady Hollow Estates
Water Supply Corporation. The Sadlers do not complain about the judgment rendered in
favor of those parties.


ater, it asserts that the Sadlers are not consumers with respect to Felder for
the service that forms the "true" basis of the complaint. Felder also contends that it is not liable because
its relation to the third party is not inextricably intertwined. See Knight v. International Harvester Credit
Corp., 627 S.W.2d 382, 388-389 (Tex. 1982).

 Felder's attempt to distance itself from the good or service that forms a basis of the
complaint falls short because it is both WSC's inferior water service and Felder's failure to disclose its
knowledge of that problem that, together, form the basis of the Sadlers' complaint. The fact that the
withheld information concerned a third party's service should make no more difference than if Felder knew
that one of the suppliers of materials with which the home was built had supplied shoddy materials, as long
as the information was material to the Sadlers' purchase decision. See Amstadt v. U.S. Brass Corp., 919
S.W.2d 644, 650 (Tex. 1996) (liability under DTPA of seller of house containing faulty plumbing system
is not disputed).

 Moreover, it is incorrect to suggest that a consumer must have acquired the good or service
from the defendant in order to meet the statutory definition of consumer. See Flenniken v. Longview
Bank & Trust Co., 661 S.W.2d 705, 707 (Tex. 1981). A plaintiff's status as a consumer is defined by
his relationship to a transaction. Id. In this case, both the Sadlers' relation to the transaction and to the
goods of the transaction bolster their status as consumers. We sustain point of error one.

 In their third point of error, the Sadlers contend that they should have been allowed to
replead their statutory fraud claim if their petition failed to state a cause of action under Tex. Bus. & Com.
Code Ann. § 27.01 (West 1987). They argue that Felder should have filed special exceptions to the
pleading, thereby giving them an opportunity to replead to correct any insufficient claim. Felder contends
that repleading is not appropriate here because the only affirmative misrepresentations allegedly made by
Felder were rejected by the trial court as a matter of law as "mere puffing" and because the omissions
pleaded are not actionable under the statute.

 A plaintiff may not be denied the opportunity to amend his pleadings because they were
attacked via summary judgment instead by a special exception. Texas Dep't of Corrections v. Herring,
513 S.W.2d 6, 9 (Tex. 1974). Summary judgment may not be based on a pleading deficiency that could
be cured by amendment. In re B.I.V., 870 S.W.2d 12, 13 (Tex. 1994). It is of course possible for a
plaintiff to plead facts that affirmatively negate his cause of action. Herring, 513 S.W.2d at 9. The
Sadlers, however, did not plead any such facts. They simply have not, according to Felder, pleaded the
right facts. Even where the plaintiff has not pleaded sufficient facts to state a cause of action, that
deficiency may not result in a summary judgment or dismissal on the merits before he is given an opportunity
to amend his pleadings. What such amended pleadings might contain is uncertain. The repleaded
allegations might or might not state a cause of action, but the court may not deny a plaintiff the opportunity
to make an attempt. We sustain point of error three.

 In light of the foregoing holdings on points of error one and three, we need not address
point of error two.



CONCLUSION


 We reverse the trial court's judgment and remand the cause to that court for further
proceedings.