

# NUMBER 13-20-00193-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DR. KELLY ISBELL,                                                                     Appellant,

v.

JEANNE RUSSELL,
MISSION STREET CONSULTING LLC,
AND KATE ROGERS,                                                                     Appellees.

## On appeal from the 166th District Court
## of Bexar County, Texas.

# DISSENTING MEMORANDUM OPINION

## Before Chief Justice Contreras and Justices Benavides and Silva
## Dissenting Memorandum Opinion by Justice Silva

I disagree with the majority that Isbell's pleadings conformed with the agreed order granting appellee's special exceptions. I would conclude that the trial court's decision was correct. Therefore, I respectfully dissent.

## I. APPLICABLE LAW

### A. Pleadings

"[I]f the trial court sustains the special exceptions for failure to state a cause of action, it must allow the pleader an opportunity to amend." *Mowbray v. Avery*, 76 S.W.3d 663, 677 (Tex. App.—Corpus Christi–Edinburg 2002, pet denied). "The party may then either (1) amend the pleadings to cure the defect, or (2) stand on the pleadings and test the trial court's decision on appeal." *Id.* "If the pleader refuses to amend, or the amended pleading fails to state a cause of action, the trial court may dismiss the case." *Id.* at 677–78; *see Gatten v. McCarley*, 391 S.W.3d 669, 673–74 (Tex. App.—Dallas 2013, no pet.).

When a party attaches a contract or other written instrument to their pleadings and incorporates them by reference, they "shall be deemed a part thereof for all purposes." TEX. R. CIV. P. 59. A party is not required to delineate the evidence upon which she relies in her pleadings. *Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 494–95 (Tex. 1988). However, if she does include specific evidence and factual assertions upon which she relies, they may be considered in determining whether "the petition affirmatively discloses the invalidity of such claim." *Id.* at 494 (holding that default judgement would be erroneous if "the petition affirmatively discloses the invalidity of such claim"); *Tex. Dep't of Corrs. v. Herring*, 513 S.W.2d 6, 9 (Tex. 1974) ("It is recognized that a party may plead [her]self out of court; [e].g., the plaintiff may plead facts which affirmatively negate [her] cause of action."); *see Esquivel v. Espinosa*, No. 13-17-00089-CV, 2018 WL 6802729, at *2 (Tex. App.—Corpus Christi–Edinburg Dec. 27, 2018, no pet.) (mem. op.) (recognizing that a party may plead herself out of court). If, after special exceptions have been filed and sustained, the plaintiff has been given an opportunity to amend but fails to state a

claim, the case may be dismissed. *Herring*, 513 S.W.2d at 10.

## B.     Tortious Interference

A claim of tortious interference with an existing contract requires: "(1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the plaintiff's injury, and (4) caused actual damages or loss." *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000); *see Spencer v. Overpeck*, No. 04-16-00565-CV, 2017 WL 993093, at *5 (Tex. App.—San Antonio Mar. 15, 2017, pet. denied) (mem. op.). To constitute interference, a defendant must have induced one of the parties to breach the contract. *Funes v. Villatoro*, 352 S.W.3d 200, 213 (Tex. App.—Houston [14th Dist.] 2011, pet. denied); *see also Mission Wrecker Serv., S.A., Inc. v. Assured Towing, Inc.*, No. 04-17-00006-CV, 2017 WL 3270358, at *5 (Tex. App.—San Antonio Aug. 2, 2017, pet. denied) (mem. op.). Utilizing a contract provision does not constitute a breach. *See C.E. Servs., Inc. v. Control Data Corp.*, 759 F.2d 1241, 1248 (5th Cir. 1985) ("A third-party's efforts to induce another to exercise his right to dissolve a contract at will or to terminate contractual relations on notice does not constitute tortious interference with contract under Texas law."), *disapproved of on other grounds by Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711 (Tex. 2001); *Funes*, 352 S.W.3d at 213.

## C.     Civil Conspiracy

A civil conspiracy claim requires "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Agar Corp. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 141 (Tex. 2019). Civil conspiracy is not an

3

independent tort; rather, it requires an underlying tort that caused damages to sustain a viable claim. *Id.* at 142.

## II.  ANALYSIS

I agree with the majority's analysis of the appropriate standard of review applicable to the issue at hand. However, I believe the majority misapplies the standard and fails to consider other controlling precedent.

The agreed order required appellant to identify the specific contract and contractual provisions that she alleged were "breached" by each appellee. Appellant, in her supplemental pleading, stated that "Defendants Russell and Rogers set into motion" the implementation of the termination provision in the probationary contract. Appellant identified a specific contract and provision; however, her pleadings do not assert that any provision was actually breached. Rather, appellant's pleadings affirmatively negate her claims because she alleges nothing more than the utilization of a contract provision. *See Herring*, 513 S.W.2d at 9.

Appellant attached the contract to her "Supplement No. 2" and incorporated it by reference, making it a part of her pleadings for all purposes. *See* TEX. R. CIV. P. 59. The provision to which she refers states that "the [b]oard may terminate this [employment] [c]ontract at the end of the [c]ontract period if the [b]oard determines that termination of [e]mployee's [c]ontract will serve the best interest of the [school] [d]istrict." Appellant has not alleged that her contract was terminated prior to the end of its period. As noted, utilizing a contract provision does not constitute a breach. *See Faucette*, 322 S.W.3d at 914; *Funes*, 352 S.W.3d at 213 (explaining that, for a viable tortious interference claim, the defendant must have induced one of the parties to the contract to breach its

4

obligations). Because inducing a party to utilize a provision of a contract does not constitute a breach, which is necessary for a tortious interference claim, appellant affirmatively negated her claim. *See Funes*, 352 S.W.3d at 213; *Herring*, 513 S.W.2d at 9. Therefore, the first requirement of the agreed order was not satisfied by appellant's supplemented pleadings. *See Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007) (per curiam).

The agreed order also required appellant to assert "with specificity" the actions or statements made by each appellee which constituted a willful and intentional interference with her contract. Even if appellant had not affirmatively negated her claim, she failed to assert any specific actions or statements undertaken by the appellees which constitute a willful and intentional interference with her contract. *See Sonnichsen*, 221 S.W.3d at 637 (affirming summary judgment for failure to satisfy the sustained special exceptions); *Neff v. Brady*, 527 S.W.3d 511, 530 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (explaining special exceptions "compel clarification of a pleading that fails to plead a cause of action or is not clear or sufficiently specific"). Appellant's assertions are broad and conclusory, failing to identify any specific action. *See In re Farmers Tex. Cnty. Mut. Ins.*, 604 S.W.3d 421, 426 (Tex. App.—San Antonio 2019, orig. proceeding) ("Mere recitals of the elements of a cause of action, supported by only conclusory statements, do not suffice.").

Appellant similarly attached the charter performance contract to "Supplement No. 2" and incorporated it by reference, alleging that SAISD breached the requirements set out in article V. *See* TEX. R. CIV. P. 59. Article V of the charter performance contract includes provisions concerning the charter granted to CAST Tech and under which circumstances SAISD may take action to place CAST Tech's charter on probation or

5

revoke it altogether. Nowhere under article V, or anywhere in the charter performance contract, are there any provisions relating to performing investigations prior to terminating appellant or any other employee. Nor does the contract include "investigation, due process and action on performance . . . provisions" relating to terminating employees as appellant claims; rather, the provisions required SAISD to "investigate any allegation that . . . CAST Tech has violated federal or applicable state law or provisions of the [c]harter, or has failed to meet generally accepted accounting standards for fiscal management or the [b]enchmarks and [o]bjectives set for[th] in [s]ection II." The contract does not contain the provisions as appellant alleges. Accordingly, for this allegation, appellant again affirmatively negated her claim. *See Herring*, 513 S.W.2d at 9.

Finally, the agreed order required appellant to assert specific facts that allege each defendant committed an unlawful or tortious act as the basis for the civil conspiracy charge. *See Agar*, 580 S.W.3d at 141. Appellant's conspiracy accusation rested on the tortious interference with contracts as the underlying unlawful act. *See id.* ("Civil conspiracy requires an underlying tort that has caused damages."). Based on the foregoing conclusions, I would additionally hold it cannot be the basis of the conspiracy accusations. *See Shopoff Advisors, LP v. Atrium Circle, GP*, 596 S.W.3d 894, 908 (Tex. App.—San Antonio 2019, no pet.) (explaining that civil conspiracy is based on vicarious liability and "[t]hus, a party must prove the underlying tort").

Based on the preceding, I do not believe appellees received "fair notice" of appellant's claims because reading them as a whole fails to "provide[] [appellees with] sufficient information to enable [them] to prepare a defense or response" when no breach of contract occurred. *See Tex. Dep't of Transp. v. Lara*, 625 S.W.3d 46, 61 (Tex. 2021).

6

Therefore, because the supplemental pleadings fail to allege facts that would support the pleaded causes of actions or affirmatively negate appellant's claims, I would hold that the trial court did not err when it dismissed appellant's suit pursuant to the agreed order. *See Baylor*, 221 S.W.3d at 637; *Gatten*, 391 S.W.3d at 673–74; *Herring*, 513 S.W.2d at 9. As the case was dismissed pursuant to the agreed order, there would be no need to address appellant's issues on appeal pertaining to a plea to the jurisdiction, a Rule 91(a) dismissal, or a no-evidence motion for summary judgment. *See* TEX. R. APP. P. 47.1 (explaining appellate courts only need to address issues necessary to the final disposition of the appeal); *J. Parra e Hijos, S.A. de C.V. v. Barroso*, 960 S.W.2d 161, 166 (Tex. App.—Corpus Christi–Edinburg 1997, no pet.). Appellant's first issue should be overruled.

### III. CONCLUSION

I would affirm the trial court's judgment.

CLARISSA SILVA<br>
Justice

Delivered and filed on the
6th day of January, 2022.

7